[No. 4667.]

THE PEOPLE BY THE ATTORNEY GENERAL EX REL. PARISH v. ADAMS.

[No. 4668.]

THE PEOPLE BY THE ATTORNEY GENERAL EX REL. WOODSIDE v. BURPEE.

[No. 4669.]

THE PEOPLE BY THE ATTORNEY GENERAL EX REL. STEELE v. WILSON.

**Offices and Officers—Term of Office—Removal—City and County of Denver.**

On the adoption of article 20 as an amendment to the constitution creating the city and county of Denver, the fire and police board of the city of Denver became the fire and police board of the city and county of Denver until their successors are elected and qualified as shall be provided in the charter, and the members thereof hold their offices by virtue of the amendment to the constitution and not by appointment of the governor and the governor has no power to remove them from office and appoint their successors.

*Original Proceedings in Quo Warranto.*

Mr. A. B. SEAMAN, Mr. GEORGE W. ALLEN, Mr. E. E. EDMONDS, Mr. H. L. RITTER and Mr. J. C. HELM, for petitioners.

Mr. C. J. HUGHES, Messrs. GOUDY & TWITCHELL, Messrs. PATTERSON, RICHARDSON & HAWKINS, and Messrs. THOMAS, BRYANT & LEE, for respondents.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

Three separate original proceedings in *quo warranto* were instituted in this court, the object in each

being to determine the membership of the fire and police board of the city and county of Denver. As the facts and legal principles are the same in each case, the causes were consolidated for hearing, and will be disposed of in one opinion.

At the general election in 1902 an amendment to the constitution was adopted by the people, which is now article 20 of that instrument. Thereby several independent municipal and quasi-municipal corporations theretofore existing under the general statutes, or by special charter, were consolidated and merged into one body politic called the city and county of Denver. Among these constituent elements was the former city of Denver which, up to the time of the adoption of the amendment, had always existed under a special charter originally granted by the territorial legislature, and amended from time to time by the general assembly of the state. Section 2 of article 20 provides that the officers of the city and county of Denver shall be such as by appointment or election may be provided for by the charter. Section 3 declares that when the governor, by his proclamation, announces the adoption of the amendment, "the terms of office of all officers of the city of Denver and of all included municipalities and of the county of Arapahoe shall terminate; except, that the  *   *   *   chief of police and boards, of the city of Denver shall become, respectively, said officers of the city and county of Denver,  *   *   *   and shall hold the said offices as above specified only until their successors are duly elected and qualified as herein provided for." Section 4 ordains: "The charter and ordinances of the city of Denver as the same shall exist when this amendment takes effect, shall, for the time being only, and as far as applicable, be the charter and ordinances of the city and county of Denver."

Section 45 of such charter, then in force, in substance provides that the governor of the state shall, by and with the advice and consent of the senate, appoint the members of the fire and police board of the city of Denver to serve for two years, "and all appointments by the governor shall be made with power of suspension or removal at any time for cause, to be stated in writing, but not for political reasons; * * * and all of said appointments shall be made to expire on the second Tuesday in April."

At the time of the adoption of article 20 defendants were members of the fire and police board of the city of Denver under appointment by a former governor made in 1901, and the governor of the state, proceeding upon the assumption that section 45, in so far as it pertains to the power of removal, was still in force and applicable to the conditions then existing, after article 20 took effect, and after the expiration of two years from the date of their original appointment, attempted to remove defendants from office and appoint plaintiffs as their successors. The defendants deny, and plaintiffs assert, the existence of this power, and upon the refusal of defendants, at plaintiff's demand, to surrender and deliver their offices to plaintiffs, this action was brought by the latter to oust defendants therefrom.

The sole question, then, before the court is whether the governor, since article 20 became a part of our fundamental law, has the power to remove from office the members of the fire and police board of the city and county of Denver. It is conceded that if such power resides with the governor, his procedure in exercising it was authorized. Indeed, this court has expressly so determined in three cases: *Trimble v. The People*, 19 Colo. 187; *In re Fire, etc., Comrs.*, 19 Colo. 482; *People v. Martin*, 19 Colo. 565.

If section 3 of article 20 stood alone, there could

be no doubt that it necessarily withdrew from the governor the power to remove the defendants from office, for it expressly says that their terms of office as officers of the former city of Denver, which they held under appointment from a former governor, shall terminate immediately upon the adoption of the amendment; and then, to provide for a temporary government, it further says that they shall constitute the fire and police board of the city and county of Denver to hold until their successors are elected and qualified, as the charter may provide for.

This language is so clear and imperative as to leave no room for construction. It interprets itself. Defendants' term as officers of the city of Denver at once terminated on the taking effect of the amendment. Thereafter they became members of the fire and police board of the city and county of Denver. They were no longer appointees of the governor, because their term as appointees of that official was expressly abolished. They became and are members of the fire and police board of the new corporation as the result of an appointment or election by the people of the entire state through a constitutional amendment which designates them as such officers.

But it is said by plaintiffs that when section 4 made the charter and ordinances of the former city of Denver the charter and ordinances of the consolidated municipality, so far as applicable, section 45 of that charter, wherein is conferred upon the governor the power of removal of all appointees made by him thereunder, is still the law of the new municipality and furnishes the authority for the action of the governor in removing defendants.

The avowed object of the general assembly in submitting, and the presumed intent of the people in ratifying, this amendment must be given effect if the language therein employed will allow, even if the re-

sult be a withdrawal of restraints upon officers which heretofore have been deemed by the general assembly expedient to prescribe, or the consequences destructive of high efficiency in the discharge of public duty. Its validity is no longer an open question. Plaintiffs do not question it. Indeed, they rely upon it for their title. The fact that the writer of this opinion believed it inoperative and void when its validity was directly attacked should not, and does not, lead him to nullify its provisions by hostile construction, nor does it comport with judicial propriety stubbornly to persist in further dissent from a decision acquiesced in by all departments of government. Rather is it the duty of every member of the court to give effect to the article in accordance with the intent of its framers as far as it can be done consistent with the language in which that intent has been manifested.

Even if it be conceded that the amendment has but a single object, it might be difficult to express it in one sentence, but it is not necessary here to make that attempt. Certainly, one object was to take from the general assembly all control of the local affairs of the inhabitants of the territory included within the new body politic, and to withdraw from the governor the power which he theretofore possessed to appoint and remove the members of its fire and police board. In short, all must concede that the purpose was to give to the people of the new corporation as large a measure of home rule in municipal affairs as could be granted under a republican form of government which the state is obliged to maintain under its compact with the federal government, as evidenced by the enabling act.

The power to appoint does not necessarily include the power to remove, nor does the power to remove, as a matter of course, involve the power to appoint. Either may exist without the other, and

neither can exist without constitional or statutory authority. The one may be, and often is, vested in one person without being accompanied by the other. For example, the governor may appoint a county commissioner to fill a vacancy caused by death or resignation, but, unless the statute expressly gives him that authority, he has not the power to remove his appointee. The board of county commissioners may fill vacancies existing in certain county and precinct offices, but it has no power of removal unless such power of amotion is given. Doubtless it is wise to lodge somewhere the power of removal from office, and usually it is safe to entrust it to the appointing power; but if such power has not been conferred by the constitution or statute, it may not be supplied by the courts. While we appreciate the force of the argument of learned counsel that power of amotion should be lodged somewhere, and that, without such check upon official action, gross abuse of authority may be perpetrated by public officers, still, courts cannot interpolate such absent authority in a statute from which it is omitted, and thus remedy defective legislation. Under our form of government, the legislative department only can make laws. In making defendants officers of the new corporation, no power of removal was expressly given to the governor, and unless section 4 confers the authority here asserted, the contention is ended. That it does not, seems to us entirely plain, as we proceed to show.

The abolishment of the terms of office which defendants held in the old city of Denver ended their official connection with that city. After the amendment took effect, the governor could not thereunder, or under the old charter, appoint them, or any other person, as members of the fire and police board for the new corporation, though the two years for which a former governor had appointed them as officers of the

old city had expired, because defendants were expressly designated or appointed by the amendment itself members of the fire and police board of the new body politic to hold till their successors are elected and qualified. The language of section 4 by which the charter of the old city was continued in force does not prolong the life of this removal clause, for it is not only inconsistent with the right of the defendants to hold until their successors are elected, but it is inapplicable to the condition confronting the governor, since the power of removal therein delegated accompanies only appointments made by the governor himself. As already said, the defendants, under section 3 of article 20, hold office not as a result of an appointment made by the governor in 1901, for that term was expressly abolished, but as the result of an election or appointment of the people unmistakably expressed in this particular section. Hence, even if section 45 is still in force, there is no condition to which it applies, as far as the defendants are concerned, for they now hold the offices from which the attempt to remove them was made, not under appointment of the present, or any former, governor, but by election of the people declared in the constitutional amendment which they have adopted. If a vacancy should occur by death or resignation of an incumbent, it may be filled by appointment, under other provisions of law. And such power may well exist, though the power to create a vacancy by removal may be absent. The existence of the former is not in the least affected or negatived by the absence of the latter.

It necessarily follows that the governor had not the power of removal. As the title of plaintiffs is based upon the unwarranted assumption and exercise of that power, they are not entitled to maintain this action. The proceedings are therefore dismissed at plaintiffs' costs.          *Dismissed.*