[No. 5769.]

HALLETT V. CITY AND COUNTY OF DENVER.

City and County of Denver—Municipal Powers—Under sec. 4, art. XX, of the Constitution, the city and county of Denver was during the interim between the adoption of the constitutional amendment, and the adoption of the new charter, invested with all the authority, which is not made or rendered inapplicable by the article itself, previously reposed in the city of Denver, including the power to create sidewalk districts and assess the cost of the sidewalk constructed therein upon the abutting properties.—(487-490)

*Appeal from Denver District Court* — Hon. SAMUEL L. CARPENTER, Judge.

Messrs. DINES, WHITTED & DINES. and Mr. C. W. WATERMAN, for appellant.

Mr. HENRY A. LINDSLEY, Mr. H. L. RITTER. and Mr. F. W. SANBORN, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The concrete question for decision is whether, between the date of the adoption of art. XX of the state constitution, which disincorporated the former city of Denver and several other municipal corporations and merged them into the new city and county of Denver, and the date of the adoption by the new municipality of its own charter and ordinances, the new body politic had the power to create sidewalk districts and assess the cost of building sidewalks therein on plaintiff's abutting property. Stated abstractly, the question is whether, during this interim, the city possessed only the ordinary general governmental powers of a municipal government which are essential to its preservation and perpetuation, or in addition thereto special or exceptional powers. The

plaintiff, whose abutting property was burdened with a special assessment for building a sidewalk, contends for the existence only of the general, while the city says it was invested as well with such special, power.

Considering that one of the objects of art. XX was to confer upon the people of the newly created municipality the power to make their own municipal charter, it was natural that its framers would not, as they did not, assume to provide for the new body a permanent code of municipal law. It was necessary, however, under the scheme devised, and in the process of making a new municipality out of old ones, to furnish the new one with some rules and give it some powers during the transition period and until it could adopt for itself a charter and enact ordinances. And so we find that by sec. 1 of the article the new city and county of Denver succeeded to all the rights of the former city of Denver. Sec. 3 made certain existing officers of the former city and its boards officers and boards of the new municipality, to hold until their successors were elected and qualified, and sec. 4, which is the important provision here, reads:

"The charter and ordinances of the city of Denver as the same shall exist when this amendment takes effect, shall, for the time being only, and as far as applicable, be the charter and ordinances of the city and county of Denver."

There is no obscurity in this language. We are aware of the general rule, urged with force by plaintiff's learned counsel, that the possession by a municipality of special or exceptional powers, like the power to build sidewalks and assess the cost upon abutting owners, is not presumed, but must be clearly conferred. Yet, if, when the amendment took effect, the former city of Denver was by its charter

invested with such exceptional power, and had enacted the appropriate ordinances and regulations for its execution, as is true, and as counsel concede, then it would seem to follow from the natural meaning of the words employed in sec. 4 that the new city and county of Denver also was invested with this power. Plaintiff takes the words "for the time being only" and "as far as applicable" as a basis, and upon them builds an argument that thereby the intention was manifested merely to continue in office the officers of the former city, provided for in other parts of the same article, solely for the purpose of prolonging the life of the city and to enable it to perform the ordinary functions of government until the new charter could be framed and adopted, without conferring upon the newly created body the special powers which its principal constituent formerly possessed. "For the time being" means during the interim between the disincorporation of the former municipalities and the adoption by the new city of a new charter and ordinances. "So far as applicable" has reference to art. XX. If there is nothing in that article which renders inapplicable the charter and ordinances of the former city, then they are the charter and ordinances of the new city and county of Denver for the time being only. We are not told, and we cannot discover, that art. XX contains anything which makes inapplicable to the new city during this interim its possession of the power to initiate and complete public improvements. The continuance in office of the board of public works until its successor is elected and qualified, would be a useless provision were not at the same time special powers conferred upon it, with the execution of which class of powers only was that board entrusted under the old charter and ordinances. Indeed, it was just as essential during the transition period that the new

city have power to build sidewalks as it was for the old city, or as it will be for the new one after it makes its own charter. There is not a word or a sentence in the article that makes inapplicable the possession of such a power by the new city during the existence of the temporary form of government which sec. 4 provides for it.

While there are requirements in art. XX for the taking of steps for the framing of a charter, there is no time limit for its adoption. On the contrary, it is expressly recognized that the inhabitants may not adopt the first. charter that the charter convention may submit, and, as matter of fact, they did not, and provision is made, in that contingency, for the framing of another and still others, which the people will approve. It might be that years would pass before a new charter would be adopted by the people of the new city, and it would be a strained construction of sec. 4 to hold that, during this period, the new city had not the special power to initiate and complete public improvements of the character in controversy, which are so vital and essential to a progressive and rapidly growing community.

Complaint is made that if the special power existed this assessment cannot be upheld, because the improvement was begun during the transition period and completed after the new charter and ordinances were adopted, and that, having been begun under one law, it should have been completed thereunder and not under other and entirely different regulations. It is doubtful if any such objection was made or decided below or is preserved in the record here. However that may be, sec. 331 of the present city charter, which preserves the old regulations and continues them in existence until the completion of the entire process of assessment, would seem to be conclusive against the plaintiff.

Our interpretation is in harmony with the decision in *People v. Adams,* 31 Colo. 476, and *McMurray v. Wright,* 19 Col. App. 17.

As we are of opinion that the city and county of Denver was invested with authority to create this sidewalk district and make the assessment on plaintiff's property of which he complains, the judgment of the district court which so declared is affirmed.

*Affirmed.*

Decision *en banc.* All the justices concurring.