## HOLDEN et al. v. CITY OF BOERNE et al.

No. 12432.

Court of Civil Appeals of Texas. San Antonio.

Oct. 15, 1952.

Rehearing Denied Nov. 12, 1952.

Bobbitt, Brite & Bobbitt, San Antonio, Gordon L. Hollon, Boerne, for appellants.

McGown & McGown, San Antonio, for appellees.

POPE, Justice.

This suit involves the validity of a city tax assessment levied against certain property owned by the appellants. The trial court upheld a tax assessment for certain curb and street improvements and found against the appellants who complained that the City of Boerne had failed to follow the procedures required by Article 1105b, Vernon's Ann.Civ.Stats. The suit was for a declaratory judgment for an injunction against the collection of the tax, and the City cross-acted for the amount of the taxes. Judgment was for the City. Appellants claim that the assessment was void based upon the following points: (1) The adoption of the assessment ordinance by the City Council was not done pursuant to a public hearing, (2) the City Council which later corrected its minutes of the prior meeting was not lawfully convened, (3) a later attempt to reassess the taxes and rectify former mistakes was void because it was done without the necessary notice and hearing, and (4) all of the assessment proceedings whenever undertaken were void because the city ordinance purporting to adopt Article 1105b on behalf of the city, was too vague and uncertain. The City of Boerne urged that all those complaints were

barred by limitation, since appellants failed to avail themselves of an appeal within fifteen days as required by Article 1105b, § 9.

Whether the City adopted the ordinance assessing property at a proper hearing arises out of a rather confused recording of the City's transactions. Unquestionably, Section 9 of Article 1105b compels notice and hearing before the adoption of an ordinance assessing property. Notice of a hearing was published on November 25th, December 2nd and December 9, 1948, in the Boerne Star. The notice fixed December 13th as the hearing date and admittedly a hearing was conducted at that time and the minutes recite that various persons for and against the assessment ordinance were heard. The assessment ordinance itself was physically attached to minutes immediately following the minutes for December 13, 1948, and on its face recites the fact of hearing and that it took place on December 13th. That notice and hearing existed is not disputed, but appellants urge that the assessment ordinance was adopted at a date which rendered that notice and hearing irrelevant. The reason for that argument comes from certain dates filled into blanks in the assessment ordinance itself. Appellants point to the dates at the bottom of the assessment ordinance which are:

"Passed this 10th day of January, A. D. 1948.

"Approved this 10th day of Dec., A. D. 1948."

If these dates are controlling, it is apparent that the adopting ordinance was passed about eleven months before the public hearing, and was approved three days before the public hearing. On July 17, 1950, more than a year and a half later, the minutes were corrected by the Mayor and Council by officially accepting an affidavit and attaching it to the minutes, by which it was recited that the correct day for passing and approving the ordinance was January 10, 1949, which would be after the notice and the hearing. The effect of the trial court's judgment is to find that the hearing preceded the adoption by the council. We are asked to make a contrary finding. Our attention is called to the facts that the ordinance was misdated four different times, that six officials each signed twice and failed to catch the error, and that one of the councilmen who signed the copies of the ordinance on January 10, 1949, was not present at the meeting. The closing ordinance was physically attached to the minutes dated January 10, 1949, but the only comment in the minutes about the ordinance was "Motion by John F. Kutzer, seconded by Richter, to have the closing ordinance published according to law." Appellants contend that the overwhelming weight of the evidence shows that the ordinance was acted on before the date of the actual hearing and is completely void. We do not agree with appellants' point.

█ There is ample evidence, though conflicting, to support the judgment. The required sequence of events was notice, hearing, and adoption of the ordinance. Notice and hearing are admitted, and it is significant that the ordinance itself contains recitals of the true occurrences at the December 13th hearing, which recitals could not have been stated unless the hearing had already occurred. These recitals prove that notice and hearing preceded the adoption of the ordinance. The mayor's testimony is confusing and contains some statements that he signed the ordinance at a time prior to the December hearing. Other members of the council dispute the mayor in his testimony, and the court trying the cause could better weigh their evidence than can we. But we think the mayor was mistaken. He testified that he approved the ordinance on December 10, 1948, rather than on January 10, 1949. If he approved the ordinance three days before the hearing, how can that testimony be reconciled with the content of the very document bearing his signature that recited the true occurrences at a hearing held three days later? The names of witnesses for and against the ordinance, their contentions, and opinions were correctly stated in the body of the ordinance. The mayor did not, as he testified, approve the ordinance on December 10th, three days before the hearing. He approved the ordinance some time after the hearing. To prove the council's fallibility in departing from the legal

sequence of events, appellants would have to endow the council with an absolute foreknowledge of the events that did not occur until three days later. We will not set aside the trial court's findings for such a conclusion.

Moreover, the ordinance is physically attached to the minute book at the page and for the meeting next following the minutes for December 13, 1948, which indicates the adoption of the ordinance after the hearing.

Whether the City Council that later attempted to correct the minutes was properly convened is the next question. On July 17, 1950, more than a year and a half after the hearing in December of 1948, the City Council held a special meeting at which time the Mayor made an affidavit reciting that the assessment ordinance had been misdated and reciting that the correct date of the assessment ordinance and the minutes was January 10, 1949, rather than December 10, 1948. An ordinance was passed correcting that date. The validity of the special meeting is challenged on the grounds that the method for calling a special meeting as required by Article 1008, T.R.C.S. was not followed. That statute in part states: "The mayor * * * may call special meetings, by notice to each member of said council, the secretary and city attorney, served personally or left at their usual place of abode." The meeting in question was called by the Mayor who asked the city secretary to notify each of the councilmen. The testimony of the Mayor and three of the councilmen supports the conclusion that all the councilmen were notified of the hearing, when it would be held, and the subject that would be considered, to wit: the curb and gutter assessments.

■ Article 1008 is directory, and oral notification of the council members is sufficient so long as information is given as to the time and place, and for the meeting and the nature of the business to be transacted. State ex rel. Oil Operators' Trust v. Hellman, Mayor, Com.App., 120 Tex. 282, 36 S.W.2d 1002. There was adequate testimony that the notice of the special meeting

specified the subject that would be discussed. Mills v. City of San Antonio, Tex. Civ.App., 65 S.W. 1121.

Since the original ordinance closing the hearing and levying the assessment was valid under the evidence, including the minutes as corrected by a legally convened council meeting, a determination of the validity of the reassessment proceedings became immaterial.

■ The city ordinance adopting Article 1105b was attacked as being too vague and uncertain. In November of 1948 an ordinance was passed by the City of Boerne adopting that Article "so far as applicable to the City of Boerne." Dallas Power & Light Company v. Carrington, Tex.Civ. App., 245 S.W. 1046, held that those exact words rendered an ordinance of the City of Highland Park void when it undertook to adopt the provisions of a franchise of the City of Dallas relating to service and rates. That decision was correct because any part of the adopted ordinance might or might not be applicable and there was no rule to determine the applicability. But in 1948, when the City of Boerne adopted Article 1105b, that article contained certain provisions applicable to cities having more than 1,000 inhabitants, and also contained other provisions applicable to cities having more than 285,000 inhabitants. The adopting ordinance, when read in conjunction with the Article itself, eliminates any uncertainty by eliminating those portions of the statute relating to a bracket in which the City of Boerne did not fall. The ordinance in adopting only those portions of the statute that relate to cities of the size of Boerne rendered its intent completely certain. Hence in the Dallas Power & Light Company case, supra, the reference to the adopted ordinance created uncertainty, whereas the reference by the Boerne ordinance to the adopted statute renders complete certainty. Hallett v. City and County of Denver, 46 Colo. 487, 104 P. 1038, 1039; Lindsley v. City and County of Denver, 64 Colo. 444, 172 P. 707, 709.

■■ The City of Boerne urged a plea of limitations against the suit, and a decision on that plea required us first to deter-

mine whether the assessment ordinance was void. Section 9 of Article 1105b requires that an appeal be filed within fifteen days from the time an assessment is levied. But in the instance of a procedure that is wholly void, one is not cut off by that limitation period. Elmendorf v. City of San Antonio, Tex.Com.App., 242 S.W. 185; Vance v. Town of Pleasanton, Tex.Com. App., 277 S.W. 89; City of University Park v. Rahl, Tex.Civ.App., 36 S.W.2d 1075; accord, Board of Adjustment v. Levinson, Tex.Civ.App., 244 S.W.2d 281. Since the proceedings were not void, limitations never ceased to run. The plea of limitations should have been sustained. The judgment is affirmed.