## McEACHERN v. TOWN OF HIGHLAND PARK et al.

No. 2472.

Court of Civil Appeals of Texas. El Paso.
Jan. 8, 1931.

Rehearing Denied Jan. 29, 1931.

Goggans & Ritchie, of Dallas, for appellant.

Henry P. Edwards and McBride, O'Donnell & Hamilton, all of Dallas, for appellees.

HIGGINS, J.

This is a suit by the appellant against the town of Highland Park, its mayor, the members of its board of aldermen, and its town secretary. The action is to enjoin the defendants from interfering with and preventing the construction of a building to be erected by the plaintiff upon a portion of three lots owned by him in the corporate limits of said town, fronting 150 feet on Mocking Bird Lane, which building was to be used as an oil and gasoline service station. It was further prayed that defendants be compelled to approve the plaintiff's application for a permit to construct such building and to issue the necessary permit.

By an amended answer the defendants, among other matters, set up the provisions of an ordinance adopted by the town council of Highland Park and approved July 3, 1929, passed under the authority of chapter 283, Acts of 40th Legislature, 1927 (Reg. Sess.), p. 424 (Vernon's Ann. Civ. St. arts. 1011a-. 1011j).

This zoning ordinance is lengthy. Its contents need not be stated at length. For the purpose of this case its effect is sufficiently stated in appellant's brief as follows:

"The Zoning Ordinance adopted by the Town of Highland Park on July 3, 1929, divides the Town of Highland Park into four classes of Use Districts, termed respectively, Single Family Dwelling Districts, Two Family Dwelling Districts, Apartment Districts, and Retail Business Districts; and into four classes of Area Districts, termed respectively, A, B, C and D Area Districts, all as shown on the Zone Map accompanying the Ordinance and made a part thereof. The Ordinance provides that no building or premises shall be erected or used except in conformity with the regulations prescribed by the respective Use and Area Districts in which such building and premises are located (Sec. 1 of Zoning Ordinance). Said Zone Map places the property of plaintiff in the Single Family Dwelling District and the A Area District.

"Section 3 of said Zone Ordinance prohibits the erection in a Single Family Dwelling District of a commercial structure, with the exception of churches, schools, colleges, libraries, private clubs, public parks or playgrounds, golf courses, public recreation buildings, museum, municipal building, telephone exchange, fire station, water supply reservoir and appurtenances, water pumping plant, railway passenger station, accessory buildings, and certain other exceptions. Section 6 permits the construction of a gasoline filling station only in a Retail Business District. Section 19 provides that a violation of the ordinance shall constitute a misdemeanor and subject the violator to a fine of not more than $100.00, and that each day such violation shall be permitted to exist shall constitute a separate offense.

"The Town of Highland Park comprises an area extending approximately one mile north and south and two miles east and west. The Zoning Ordinance provides that business establishments shall not be erected or maintained in any part of said Town except as follows:

"On a tract of ground located at the southwest corner of Mockingbird Lane and Preston Road, which point is more than one mile west of the premises in question, and a lot located at the southeast corner of Mockingbird Lane and Airline Road at the extreme northeast corner of said Town, which point is approximately one-third mile east of the premises in question, and approximately two blocks of ground located at the extreme southwest corner of said Town along the northeast line of Lemmon Avenue adjacent to the Cotton Belt Railroad and located more than two miles from the premises of the plaintiff."

The evidence shows there are two filling stations now located on Mocking Bird Lane, one on the south side in the town of Highland Park one-third mile east of plaintiff's premises, and one on the north side, in the town of University Park, one mile west of these premises.

Upon trial without a jury judgment was rendered for the defendants.

■ Appellant's first proposition is that the ordinance relied upon by appellees is not authorized by the legislative act above referred to, in that the act authorizes municipalities "to regulate and restrict," but does not authorize a municipality to wholly "prohibit" the erection of any lawful structure which is intended to be used for a lawful purpose.

The cases cited by appellant in this connection are regarded as distinguishable, except Dart v. City of Gulfport, 147 Miss. 534, 113 So. 441, which fully supports the point made.

In that case the Supreme Court of Mississippi held that the law of that state authorizing municipal corporations to regulate and restrict the use of buildings did not authorize such corporations to prohibit the erection of buildings in a prescribed area, which were to be used in carrying on any lawful business.

The City Zoning Law of this state is the same as the Mississsssippi law except as to some unimportant differences in verbiage. See the Mississippi law as quoted in the case mentioned, and see the Texas Act, chapter 283, Acts of 40th Legislature (Reg. Sess.) p. 424.

We are unable to concur in the interpretation placed upon this law by the Mississippi court.

The whole tenor and language of the act evidences the purpose to confer upon the legislative bodies of cities and incorporated villages the right to restrict the use of land and buildings in different districts to different purposes, which necessarily implies the power to prohibit, in a district dedicated to certain purposes and uses, the erection of buildings and use of land for other purposes. We think that is the clear and certain meaning of the law in question and the interpretation insisted upon by appellant and adopted by the Mississippi court is not warranted. Such an interpretation would wholly defeat the purpose of the law and render it entirely nugatory.

678

It is next insisted the zoning ordinance is invalid because in derogation of the due process and equal protection clauses of section 1 of the Fourteenth Amendment to the Federal Constitution and the due course of law clause (section 19, art. 1) of the Constitution of this state.

In recent years much attention has been given by the courts to the constitutional question here presented. We can add nothing to what has been said upon the subject by different courts, including the courts of this state. It is sufficient to say that the decisions sustaining the validity of laws such as here presented, as against the constitutional objection urged, far outnumber those adopting the contrary view, and that in our opinion the decisions sustaining such laws are correct. The question was recently considered by the Dallas Court of Civil Appeals in Scott v. Champion Building Co., 28 S.W.(2d) 178, and to the able opinion of Justice Looney in that case we refer in support of our ruling sustaining the validity of the legislative act and the zoning ordinance here involved. See also Village of Euclid v. Ambler Realty Co., 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303, 54 A. L. R. 1016, and City of Wichita Falls v. Continental Oil Co. (Tex. Civ. App.) 5 S. W.(2d) 561.

Nor do we think the ordinance as applied to the plaintiff and the facts of the present case is to be regarded as invalid because an improper exercise of the police power.

The plaintiff's lots are in the private residence zone, and under the ordinance only a private dwelling house could be erected in that zone. At the present time there is such a residence upon the lots, and the plaintiff's purpose is to demolish this house to make way for an oil and gasoline service station.

In prohibiting the erection and use of such stations in the residential area, we think the town of Highland Park did not exceed a proper exercise of the police power. See the cases cited above.

This suit was filed about 30 days prior to adoption by the town of Highland Park of the zoning ordinance in question.

Appellant contends that his right to the building permit attached prior to the adoption of the ordinance and the ordinance could not retroactively destroy his right to the permit and to use his land for the purpose indicated.

This is without merit. All property is held subject to the lawful exercise of the police power. 6 R. C. L. p. 193, § 192.

The question here presented is decided against appellant in Cayce v. City of Hopkinsville, 217 Ky. 135, 289 S. W. 223, and Dart v. City of Gulfport, supra.

In view of what has been said, it is unnecessary to consider other propositions submitted in appellant's brief.

Affirmed.