## CITY OF UNIVERSITY PARK et al. v. RAHL.

### No. 10953.

Court of Civil Appeals of Texas. Dallas.
Feb. 28, 1931.

Rehearing Denied March 28, 1931.

Leffingwell & Dixon, of Dallas, for appellants.

D. A. Frank, of Dallas, for appellee.

JONES, C. J.

This is an appeal from an interlocutory order granting a temporary writ of injunction against appellants, the city of University Park, a municipal corporation, its mayor and the individual members of its governing body, its building inspector, city secretary, and city attorney, and in favor of appellee, Mrs. Ursula Rahl. The injunction restrains appellants from interfering with the contemplated construction by appellee of a business building in the city of University Park.

The term appellant will refer to the city of University Park, and the other appellants will be referred to by name. The following are the necessary facts:

Appellant is a municipal corporation duly incorporated under the general laws of this state, its governing body is composed of a mayor and two commissioners, and it has the usual staff of executive officers, including a building inspector. On February 3, 1930, appellant had no valid building ordinance in force and no valid ordinance requiring a prospective builder, within its corporate limits, to secure a permit as a condition precedent to the construction of a building. Ordinances governing such matters had been enacted, but are admitted to be invalid and had been so pronounced by a court of competent jurisdiction previous to the institution of this suit. Subsequent to such date, however, appellant legally enacted a building ordinance requiring the issuance of a permit by the building inspector as a condition precedent to the erection of a building within its corporate limits. Appellant, within such time, had also enacted a zoning ordinance, under authority of the general laws of this state. Both of these later ordinances were in force at the time of the institution of this suit.

On November 11, 1911, Ed S. Lauderdale, as owner of a tract of land, recorded a plot making it a city addition, platting same into lots, blocks, streets, and alleys, and dedicating it as Methodist University addition to the city of Dallas. Appellee became the owner of lots 13 and 14 in block 1 of this addition by virtue of a deed of conveyance, from her former husband Ed S. Lauderdale, of date January ——, 1929. On said date of February 3, 1930, though not required to do so, appellee made application to the building inspector for a permit to construct a brick commercial building on said lots. This building was designed for a gasoline filling station and commercial stores, its estimated cost being $25,000, and the building plans submitted in the application showed the building to extend back the entire depth of the lots. This application was made under the terms of the invalid building ordinance. The application was refused, and considerable correspondence followed between appellee's agent and appellant's building inspector. Demand was made in the correspondence by appellee, for a statement of

the reason for the denial of the building permit, and in which she offered "to do anything and everything that was required by the lawful rules and regulations of the City of University Park, in the construction of said building." This offer was also made in the application for the permit. The reason finally given by the building inspector for a denial of the permit was, in effect, that protests to the construction of such building had been received by contiguous property owners; and, further, that the city was enacting a zoning ordinance that would prohibit such a structure on the lots in question.

It appears from the record that the lots in question, previous to the conveyance to appellee, were the community property of Lauderdale and appellee, and it necessarily follows, though not specifically shown by the record, that, during the time Lauderdale was the owner of the land in Methodist University addition, he and appellee were husband and wife. A divorce was granted, and the deed from Lauderdale to appellee of the lots in question was in part settlement of her rights in their community property under the divorce decree. The date of the divorce is not given, except by the inference that it was approximately at the time these lots were deeded to appellee, in January 1929.

On December 31, 1927, Lauderdale, as owner of the lots in question, and as manager of the community estate of himself and appellee, dedicated by deed of conveyance a strip of land 7½ feet off of the rear of such lots to appellant for use as an alley, and approximately at the same time the owners of other lots in this block also dedicated by deed a strip of land to appellant, thereby making a continuous alley. The Lauderdale dedication deed was not recorded until August 26, 1930, and this strip of land off the rear of these lots was not marked on the ground as an alley. The deed of 1929, from Lauderdale to appellee, did not except the 7½ feet previously deeded as an alley, but purported to convey the land comprehended by the original boundaries of the lots. Appellee had no actual notice of the dedication deed, or of the existence of this alley, and, as the dedication deed was not recorded at the time she became the owner of the lots, or at the time she made application for the building permit, such deed did not carry to her constructive notice of such conveyance.

Previous to the divorce, Lauderdale sold out of the community estate a great many lots in this addition to other purchasers, and each of these deeds of conveyance contained a restrictive covenant, to the effect that the conveyance was made subject to the condition that such lot should be used for residence purposes only, and by white persons only, and, should such condition be violated by the present or subsequent owner, the title should revert to Lauderdale as grantor. He told

many prospective purchasers of lots that the addition was restricted to residences only. The deed to appellee did not contain such covenant. On November 13, 1911, Lauderdale conveyed by warranty deed the lots in question to D. V. Cox and placed said restrictive covenant in such deed, and such covenant thereby became a part of appellee's chain of title. On January 25, 1922, Cox conveyed the lots in question back to Ed S. Lauderdale and they again became a part of the community estate of Lauderdale and appellee, and retained such status until the divorce and partition of the community estate owned by the parties.

From these facts, it is alleged by appellant in its answer to this suit that Lauderdale, as common grantor of all lots in this addition, previous to the sale of any lot therein, had manifested a clear intention to improve such property as an exclusive residential district, and to consummate such purpose had designed a general plan and scheme of restricting all lots in said addition for residence purposes only, and evidenced such intention by placing the restrictive covenant in each deed of conveyance, and that thereby such restriction was binding on all purchasers of lots in said addition, who had notice of such general purpose.

At the hearing before the court, the only material evidence offered by appellee was the introduction of her verified petition, supported by a proper affidavit of her agent, and an additional supporting affidavit by such agent. The only material evidence offered by appellant was the introduction of its verified answer, and the facts herein stated are taken from the pleadings of the parties and said supporting affidavit, as constituting the sole evidence on which the court acted when the interlocutory order was granted.

It is the contention of appellant, as shown by its assignments of error and propositions of law, that, notwithstanding the fact that, at the date the building permit was applied for, it could not require of appellee such permit to construct the building, yet, under its police powers, it could prevent the erection of a building that appropriated in its construction a part of an alley, and that, as appellee proposed to appropriate a part of an alley in the construction of the building, as shown by the plans and specifications submitted, it was justified in preventing the proposed building. It further makes the contention that, as the facts show that at least a substantial question is raised as to the right of appellee to construct a business house on the property in question, because such property is subject to a restrictive covenant forbidding such structure, the court should have denied the temporary injunction. It further contends that, as appellee had no right to the issuance of a building permit on February 3, 1930, and that as there was in force, at the time of the institution of this suit, and at the time of the trial, a valid zoning ordinance forbidding such contemplated structure on the property in question, the court erred in refusing to admit in evidence such valid ordinance.

Appellee contends that her right to a building permit became vested on the date she filed her written application, February 3, 1930, and that, as she had a vested right on such date to construct such building, the subsequent passage of a building or zoning ordinance could not affect such right, the court did not err in refusing to admit the subsequent building and zoning ordinances in evidence, and in granting the temporary writ of injunction restraining any interference with the exercise of such vested right. She further contends that, as the deed of dedication of the alley was not recorded at the time the entire property was deeded, and that as she had no actual notice of such dedication deed, or of the existence of the alley the deed vested her with title to the entire property, and that she had a right to construct the building encroaching upon said alleged alley. She further contends that, as at the time of the trial and in open court she offered that, "If there is any proper dedication of the 7½ feet the plaintiff (appellee) does not want to build on said 7½ feet; the plaintiff does not want to build on any land that has been dedicated to the City, and this plaintiff will comply with all reasonable rules, regulations, building ordinances, and other valid restrictions of any kind that are on plaintiff," she was entitled to the temporary writ of injunction, regardless of the plans and specifications submitted on said date of February 3, 1930.

 If it be conceded that appellee be correct in her contention that she is not bound by any restrictive covenants placed in deeds to lots in the Methodist University addition; if it also be conceded that she is not bound by the unrecorded deed given to the 7½ feet taken from the rear of said lots to be used as an alley, and that on the date she made the application for a building permit she had a clear legal right to construct the contemplated building under the plans and specifications filed with her said application, we are nevertheless of the opinion that the court was not justified in granting the temporary writ of injunction. These contentions of appellee are based on the theory that the filing of the application for a permit on February 3, 1930, gave her a vested right to such permit on that date. To this we cannot agree. The building ordinance, under the terms of which appellee filed her application for a building permit, is admittedly invalid, and therefore appellant could not lawfully demand from appellee a permit and could not legally issue a permit to her at such time. The proceedings attempted to be had under such invalid ordinance, having no legal status, neither added to nor took from any right

appellee had on such date in respect to the construction of her building. These proceedings were void, and void proceedings cannot give vested rights. It is true, if we concede the contentions of appellee, she had the right on such date to make any lawful use of the property she desired, regardless of the proceedings under the invalid ordinance. Under such contentions, conceded for argument to be correct, she had the right on such date to construct the building without a permit from appellant, however this right was subject to appellant's power to enact in the future a valid building ordinance that would require a permit for the construction of the building. Appellee did not assert this right by beginning the construction of the building before the enactment of a valid building ordinance requiring a permit, nor before the enactment of a valid zoning ordinance that prohibited appellant from issuing a permit for such a building. Appellee and her property were subject to both of these ordinances when they were enacted; hence the trial court erred in refusing to admit these ordinances in evidence.

■ Under this record, however, we cannot concede, in advance of the trial of this case on its merits, the contentions of appellee that she is not bound by the restrictive covenants placed in the deeds to all of the property in this addition, and placed in the deed to one of her predecessors in title. The facts alleged in the answer are sufficient to raise a serious question as to whether Lauderdale, as the common source of title to lots in this addition, placed the burden of an equitable easement on the lots in this addition, requiring owners to use such property for residence purposes only. The inference is clear from the evidence that Lauderdale and appellee were husband and wife at the time the alleged equitable easement was created by the husband, and, if the land was actually so burdened, appellee was bound thereby because of the community status of the land. Lauderdale was in law the manager of the community estate, and, unless he acted in fraud of appellee's community rights, burden placed by him on this land was binding upon appellee whether she actually knew of such burden or not. There is no question in this record that Lauderdale acted in fraud of appellee's rights when he burdened the community land with the alleged easement. We therefore hold that, as the pleadings and facts developed at the hearing raised a serious question as to appellee's rights to construct a building on this property other than for residence purposes, it was error for the trial court to grant the temporary writ of injunction in advance of the trial of the case on its merits.

■ We cannot concede the contention of appellee that, as the deed from Lauderdale to appellant to the 7½ feet off of the rear of these lots, for use as an alley, was not record-

ed prior to her separate ownership of the property, such deed is not binding on her, and that she took title to the two lots as same are described in her deed. At the time the deed to the alley was executed, this property was the community property of Lauderdale and appellee, and the deed by Lauderdale to any part of such community is binding on appellee, unless it is shown to have been in fraud of her rights. This showing is neither raised by her pleading nor evidence, and we hold that appellee is bound by the dedication deed to the 7½ feet for use as an alley.

■ There is another potent reason why the judgment of the trial court, granting the temporary writ of injunction, cannot be affirmed. The effect of such judgment is probably to give to appellee, by an interlocutory order, all of the relief she can secure under a final trial of the case. This is never permissible where there are substantial issues of fact to be determined at the final trial that would probably result in defeating the right to the equitable relief sought. Such substantial issues of fact are shown to exist in this case and are fatal to the right of a temporary writ of injunction, which, in effect, grants full relief to appellee. City of Farmersville v. Texas-La. Power Co. (Tex. Civ. App.) 33 S.W.(2d) 271; James v. Weinstein (Tex. Com. App.) 12 S.W.(2d) 959; Welch et al v. Carter (Tex. Civ. App.) 30 S.W.(2d) 354; 32 C. J. 20.

We think the court abused its discretion in granting the temporary writ of injunction, and such writ is dissolved, and the case remanded for a final trial on the issues made by the pleadings of the parties.

On Appellant's Motion for Rehearing.

■ In the motion for rehearing appellee challenges the finding of this court, to the effect that a divorce decree had been entered between Lauderdale and appellee (Lauderdale's former wife), and that the deed to the lots in question from Lauderdale to appellee was in part settlement of her rights in their community property. Appellee insists that there cannot be found "a word in the record about divorce or that the appellee received this lot in settlement of her rights in the community property." In this assertion appellee is mistaken, for the record, not only shows that the lots in question had been the community property of herself and Lauderdale, but also shows, in the affidavit of Charles T. Paul, introduced in evidence by appellee, that "the plaintiff (appellee) became the owner of said lots in a settlement with her divorced husband, Edward S. Lauderdale. * * *" This evidence clearly warrants the finding in the original opinion, about which appellee complains.

The motion for rehearing and for correction of findings of fact is overruled.