ED McEACHERN v. TOWN OF HIGHLAND PARK ET AL.

No. 5945.   Decided June 30, 1934.
Motion for Rehearing Overruled October 24, 1934.
(73 S. W., 2d Series, 487.)

*Goggans & Ritchie,* of Dallas, for plaintiff in error.

The zoning ordinance pleaded by defendants in justification of their action is invalid because it deprives plaintiff of his property without due process of law, in violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States. Euclid v. Ambler Realty Co., 272 U. S., 365, 47 Sup. Ct., 114, 71 L. Ed., 303, 54 A. L. R., 1016; Nectow v. City of Cambridge, 277 U. S., 183, 72 L. Ed., 842, 48 Sup. Ct., 447; Washington ex rel Seattle Title Trust Co. v. Roberge, 278 U. S., 116, 49 Sup. Ct., 50, 73 L. Ed., 210; Houston & T. C. Ry. Co. v. City of Dallas, 98 Texas, 396, 84 S. W., 648.

*H. P. Edwards*, and *McBride, O'Donnell & Hamilton*, all of Dallas, for defendants in error.

The zoning ordinance relied upon by the appellees in this case is not in conflict with the Fourteenth Amendment to the Constitution of the United States, and is due process of law. Scott v. Champion Bldg. Co. 28 S. W. (2d) 178; Aurora v. Burns 319, Ill., 84, 149 N. E., 784; State ex rel Cevillo v. New Orleans, 154 La., 271, 97 So., 440, 33 A. L. R., 260; Zahn v. Board of Public Works, 274 U. S., 325, 71 L. Ed., 1074, 47 Sup. Ct., 594.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This is a zoning case, here by writ of error. We refer to the opinion of the Court of Civil Appeals for a statement of the case. 34 S. W. (2d) 676.

The principal question involved is the validity of the zoning ordinance of the City of Highland Park, an incorporated town adjacent to the City of Dallas. The ordinance is a comprehensive one, similar in purpose to the zoning ordinance held valid by us in the case of Lombardo v. City of Dallas, this day decided, ante, p. 1.

It is unnecessary to discuss the validity of the ordinance before us, since it is in its general effect plainly valid under the Lombardo Case just mentioned and the authorities therein cited. The lot upon which the plaintiff in error desires to construct a gasoline filling station is a residence lot in a dwelling or residential district as zoned by the City. There is nothing peculiar to or incident to the property which would make the zoning ordinance inapplicable to it. A residence is on the property now, and so far as this record shows it is suitable for that purpose. Under the Lombardo opinion and the authorities cited it is not a denial of due process or equal protection of the law to refuse the plaintiff in error the permit, or deny him the right to erect a filling station thereon in violation of the zoning ordinance. There is no merit in plaintiff in error's insistence

that because he applied for a permit and filed a suit upon its refusal before the zoning ordinance was enacted, the ordinance can not be invoked against him. The Court of Civil Appeals made a correct disposition of that question.

In addition to the authorities cited in the opinion of the Court of Civil Appeals, see also City of Tucson v. Arizona Mortuary, 34 Ariz., 495, 272 Pac., 923; Miller v. Board of Public Works of Los Angeles, 195 Calif., 477, 234 Pac., 381; Ware v. City of Wichita, 113 Kan., 153, 214 Pac., 99.

The judgment of the Court of Civil Appeals is affirmed.