## CITY OF DALLAS et al. v. MESEROLE BROS.

## MESEROLE BROS. v. RODGERS et al.

### Nos. 13278, 13295.

Court of Civil Appeals of Texas. Dallas.

May 29, 1942.

Rehearing Denied Sept. 18, 1942.

See also, Tex.Civ.App., 155 S.W.2d 1019.

H. P. Kucera, City Atty., and A. J. Thuss, C. E. Long, Jr., and R. L. Dillard, Jr., Asst. City Attys., all of Dallas, for appellants.

Wm. Andress, Jr., of Dallas, for appellees.

LOONEY, Justice.

The two appeals, styled and numbered as shown, were taken from the same judgment, were submitted together, and will be disposed of in one opinion.

Meserole Brothers sued the City of Dallas, its Mayor, Building Inspector and members of the City Council, seeking a mandatory injunction for the issuance of permits authorizing the construction of four commercial buildings, two already under construction and two in contemplation. Upon trial without a jury, the court rendered judgment granting the relief sought as to the two buildings under construction, but refused the relief sought as to the two buildings merely in contemplation. Both parties excepted to the judgment, gave notice of, and perfected separate appeals.

As an approach to the discussion, the following statement is made: On June 6, 1941, T. C. Meserole purchased 16.77 acres of land, including the four lots for which he sought building permits. About five days later, a petition was filed with the City for the annexation of 76.7 acres of land, which included the Meserole land, and at a hearing before the City Plan Commission, Meserole and his attorney protested the annexation, and subsequently, on July 16, filed suit and obtained a temporary injunction against the City and its authorities, prohibiting the granting of the petition for annexation. On the same day, because of certain defects in the description of the land sought to be annexed, the City Council rejected the petition; but about a week later, a new and properly executed petition for annexation having been presented, the City Council approved same, and directed the City Attorney to prepare a suitable ordinance for the annexation of the new territory. Up to this date, Meserole had not done any construction work on either of the lots involved, but later, between the 25th and 28th of July, dug pier holes and poured concrete preparatory to the erection of two business houses on the lots in question, but had failed to obtain a permit from the City, authorizing the erection of the buildings, although the building code of the City contains a provision prohibiting the construction of any building without first obtaining from the Building Inspector a permit therefor.

After the ordinance for annexation was prepared, it passed the first and second readings, but before the time for the third reading was reached, Meserole filed suit to restrain the City Council from enacting same, and obtained a temporary injunction to that effect; and between August 12th and 21st, while the temporary injunction was in force, continued construction work on the two buildings begun as heretofore stated; but on the latter date, the injunction just mentioned having been dissolved, the City Council finally passed the annexation ordinance and thereupon adopted the temporary zoning ordinance (No. 3266), the provisions of which are brought under review herein. Subsequently, in an amended petition, Meserole challenged the validity of the ordinance of annexation and the temporary zoning ordinance, in so far as it applied to his property. On trial, the court held that the temporary zoning ordinance, as applied to the Meserole property, was void, and enjoined the City and its authorities from in any way interfering with the owner's use of the same; from which, the City appealed to this Court; but, pending the appeal, Meserole continued construction work on the two buildings until restrained by this Court in order to preserve the status quo of the litigation.

On submission, this Court reversed the trial court and rendered judgment in favor of the City and its authorities, sustaining the validity of both ordinances, that is, the ordinance of annexation and the temporary zoning ordinance, the latter being sustained generally, and specifically as applied to the Meserole property, hence, dissolved the injunction; and on application for writ of error, the Supreme Court denied same for want of merit. See City of Dallas v. Meserole, Tex.Civ.App., 155 S.W.2d 1019.

The temporary zoning ordinance, among other things, provides that no permit for the construction of a building shall be issued by the Building Inspector in newly annexed territory, other than a permit which will allow the construction of a dwelling, as provided in the general zoning ordinance of the City; and that an application for any other use shall be made to the Building Inspector and by him referred to the City Plan Commission for consideration and recommendation to the City Council, which latter body passes finally upon the application. It is further provided in Section 3 that, " * * * any * * * person * * * constructing or directing the construction of any building * * * now in the process of construction and which is incomplete at the time the land upon which it is situated is annexed to the City of

Dallas, before proceeding any further with the construction * * * thereof, shall apply to the Building Inspector * * * for a permit authorizing further work on said building * * * which said application * * * shall be * * * referred to the City Plan Commission for consideration, and said Commission shall * * * file with said governing body its recommendation as to granting, modifying or rejecting said permit, the said recommendation to be advisory, as stated in Section 1 hereof."

Construing this ordinance, as applied to Meserole's property, this Court held, in the case just mentioned, that the ordinance was enacted to maintain the status quo of the annexed territory in order to enable the City to gather data and information to be used as basis for granting or refusing permits for construction, use and occupancy of buildings or structures in such territory, pending the permanent zoning thereof; holding further that, the work commenced by Meserole toward the construction of the two business houses, after the citizens presented a petition for the annexation of the territory to the City, but before the annexation ordinance was finally passed, acquired no right to proceed with the construction under the annexation, freed of reasonable exercise of the police power under the temporary ordinance, which suspended further construction until a permit was secured in the manner provided by ordinance, even if the owner were innocent at the time of beginning the work.

█ █ Thus, from the provisions of the temporary ordinance and the holdings of this Court, it is obvious that the status of the two lots upon which Meserole began the construction of two buildings, and the two lots upon which the erection of buildings was contemplated, is the same; in other words, Meserole obtained no advantage by reason of beginning construction work after the petition was presented to the City for the annexation of the territory, and he holds the same, together with the remaining portion of the property, subject to the police regulations of the City. As said by the Supreme Court of California, in Miller v. Board of Public Works, 195 Cal. 477, 234 P. 381, 38 A.L.R. 1479, the courts take judicial notice of the fact that it will take much time to work out the details of a zoning plan, and that it will be destructive of the plan if, during the period of incubation, persons seeking to evade its operation should be permitted to enter upon a course of construction which might progress so far as to defeat in whole or in part the ultimate execution of the plan.

█ It has been made to appear that on February 18, 1942, pending these appeals, the City Council passed an ordinance permanently zoning the area in question as residential property, forbidding the construction of commercial buildings in that area; hence, we think it follows inescapably, that the questions presented in cause No. 13,295, Meserole Brothers, Appellant, v. Woodall Rodgers, et al. Appellees, have become moot under the doctrine of McEachern v. Town of Highland Park, 34 S.W.2d 676, 678, where the El Paso Court of Civil Appeals, in an opinion by Judge Higgins, said: "This suit was filed about 30 days prior to adoption by the town of Highland Park of the zoning ordinance in question. Appellant contends that his right to the building permit attached prior to the adoption of the ordinance and the ordinance could not retroactively destroy his right to the permit and to use his land for the purpose indicated. This is without merit. All property is held subject to the lawful exercise of the police power. 6 R.C.L. p. 193, § 192. The question here presented is decided against appellant in Cayce v. City of Hopkinsville, 217 Ky. 135, 289 S.W. 223, and Dart v. City of Gulfport, supra [147 Miss. 534, 113 So. 441]"; the case was affirmed by the Supreme Court (124 Tex. 36, 73 S.W.2d 487), saying: "There is no merit in plaintiff in error's insistence that because he applied for a permit and filed a suit upon its refusal before the zoning ordinance was enacted, the ordinance cannot be invoked against him. The Court of Civil Appeals made a correct disposition of that question."

We are of opinion, therefore, that the appeal in cause No. 13,295 should be dismissed.

After the adjudication in City of Dallas v. Meserole, supra, Meserole seemingly recognized the correctness of the holdings therein, also the validity of the two ordinances, and, in accordance with the provisions of the temporary zoning ordinance, made formal application for permits to finish the two buildings under construction, and to construct two additional business houses, which being refused, this suit was instituted, resulting in the judgment heretofore mentioned; that is, in favor of Meserole as to the two buildings under construction and in favor of the City and its au-

thorities as to the two that were merely in contemplation. From the judgment just mentioned, each party excepted, gave notice of, and perfected separate appeals.

As heretofore shown, Meserole acquired no vested right to complete the two commercial buildings in a residential area merely because the work was begun prior to the enactment of the temporary zoning ordinance; that contention was overruled in City of Dallas v. Meserole, supra. His main contentions on the appeals now under consideration are that the refusal of his applications for permits was the result of arbitrary action on the part of the City authorities, in that, the City Plan Commission failed to make a full investigation of the facts at the time it held a hearing on the application for permits; that the City Council failed to conduct an investigation of the facts prior to and at the time it affirmed the recommendation of the Plan Commission, and that no opportunity for a hearing was given applicant, either before the Plan Commission or the City Council.

■ We think the record reveals that both the City Plan Commission and the City Council were familiar with the land in question and the surrounding property at the time the application was denied. An opportunity for full consideration of the facts was afforded when the original petition for annexation was before the Council, and the protest was presented by Meserole, who later, before final enactment of the ordinance, brought an action against the City to enjoin its passage. Obviously, in connection with these proceedings, the entire situation in regard to the property and the surroundings was reviewed. Later, the Plan Commission held hearings on the permanent zoning of the area, in which Meserole participated, and the Commission then recommended that all the area be zoned for residences. This was before the Council acted upon Meserole's application for permit. The City Plan engineer, whose duty it was to collect information concerning the zoning of property, was familiar with the area and his information was furnished the Plan Commission before they held their hearing on the application. The assistant engineer also was familiar with the situation and his information was furnished the Plan Commission. Before the Council acted, it had the advantage of the Plan Commission's investigation through its recommendation; and the City Secretary gave testimony to the effect that, before the City Council acted, this matter had been before that body many times. So, under the facts and circumstances revealed by the record, we do not think it can reasonably be said that the Council did not have before it all facts necessary to be considered before acting on Meserole's application for permits.

■ The Council, in our opinion, was at liberty to make any investigation it desired and act upon any facts that came to its knowledge, either at a formal hearing or through investigation made by its agents. Similar contentions based upon similar facts, urged in King v. Guerra, Tex.Civ. App., 1 S.W.2d 373, and in City of San Antonio v. Zogheib, Tex.Com.App., 101 S.W.2d 539, 542, were denied.

■ The area in which Meserole seeks to erect a business district is being developed for dwelling purposes and, as appears elsewhere, has been permanently zoned for that purpose. It is well settled in this state that the City Council has the power to exclude business buildings from a residential area, and that its action in so doing is a valid exercise of the police power in the interest of public health, safety, morals, convenience and general welfare. See Lombardo v. City of Dallas, 124 Tex. 1, 73 S.W.2d 475; Connor v. City of University Park, Tex. Civ.App., 142 S.W.2d 706, writ refused; City of University Park v. Hoblitzelle, Tex. Civ.App., 150 S.W.2d 169.

■ One of the complaints made by Meserole is that he was not given a hearing before the Plan Commission or before the Council. We think the evidence reveals that ample opportunity was afforded him to present any evidence or argument desired, both before the Commission and the Council. The testimony of Mr. McVay, in regard to the hearing before the Plan Commission, sustains this view, and at the time the City Council acted, Meserole's attorney was present and, by the Mayor, was afforded an opportunity to be heard, although this occurred after the Council had adopted the recommendation of the Plan Commission, refusing the permits. However, the opportunity afforded counsel was an opening for the introduction of evidence or for a complete hearing, if desired, as the resolution adopted by the Council, unlike the Law of the Medes and Persians, was not unalterable. So, in the light of the testimony, we do not think it can correctly be said that, Meserole was not afforded an op-

portunity for hearings before the Plan Commission and the City Council.

But the City was under no duty to prove that the exclusion of commercial buildings from a residential area would promote the public health, safety, morals, or general welfare; on the other hand, the burden was upon Meserole to show that the action of the Council in refusing the permits bore no reasonable relation to these subjects. No such evidence was offered. In King v. Guerra, 1 S.W.2d 377, 378, among other things, the court used this pertinent language: "This being a mandamus proceeding, the burden rested upon the party seeking that extraordinary relief to negative, by affirmative allegation and proof, every fact or condition which would have authorized the action of the board of commissioners in refusing to take the action now sought to be forced upon them. So, upon the other hand, the board was under no requirement, in resisting the effort to force them to take the action sought, to allege or prove any fact which would have authorized them, or which prompted them, to refuse to take such action. These observations are made in deference to appellee's complaint that the city officials did not plead some of the matters upon which they rely to defeat appellee's petition for mandamus."

However, even if Meserole had offered evidence tending to show that the location of commercial buildings in the residential area would not have harmed or jeopardized public health, morals, safety or general welfare, yet, in view of the record disclosures, the trial court was not justified in substituting its judgment for that of the City Council. See King v. Guerra; City of San Antonio v. Zogheib, and City of University Park v. Hoblitzelle, supra. In areas entirely residential, the doctrine is recognized that, as a matter of law, the exclusion of businesses is a valid exercise of the police power. See City of University Park v. Hoblitzelle, supra.

So, for the reasons stated and, further, because, pending the appeal, the temporary zoning ordinance under which the court below acted has been superseded by a permanent zoning ordinance in which the territory involved has been zoned exclusively for residential purposes, the judgment of the court below in cause No. 13,-278, City of Dallas, et al., Appellants, v. Meserole Brothers, Appellee, is reversed and judgment is here rendered for the appellants.

In cause No. 13,278, judgment below is reversed and judgment here rendered for the appellants; in cause No. 13,295, the appeal is dismissed.