**OHIO STATE STUDENT TRAILER PARK COOPERATIVE, Inc., Appellant, v. FRANKLIN COUNTY, Appellee.**

Common Pleas Court, Franklin County.

No. 186441.   Decided March 19, 1953.

P. L. Thornbury, Columbus, for appellant.

Hon. Frank Kearns, Pros. Atty., J. Baxter Evans, Howard F. Wehr, Asst. Pros. Attys., Columbus, for appellee.

## OPINION

By GESSAMAN, J.

This is an appeal from a decision of the Franklin County Rural Zoning Board of Appeals, sustaining the ruling of the Franklin County Building Inspector in refusing to grant the appellant a non-conforming use permit. In sustaining the building inspector, the Board found that a non-conforming use had not been established by the appellant. The evidence before the Franklin County Rural Zoning Board of Appeals disclosed that the appellant is a corporation not for profit, incorporated March 12, 1948, the purposes of the corporation being to engage in the business of operating a trailer park. On March 16, 1948, the appellant entered into an agreement with Mr. John Hislop for the purchase of lots Nos. 23 to 33 inclusive and Nos. 56 to 66 inclusive, of Braemar Addition, Clinton Township, Franklin County, Ohio, subject to the condition that that portion of the plat which was made up by said lots could be vacated and could be used for trailer park purposes. A petition was promptly filed in this court in Case No. 174523 for vacation of that portion of the plat containing the above named lots and that part of Strathmore Road which separated said lots. Subsequent thereto, that portion of Strathmore Road and of the plat referred to were declared vacated on May 3, 1948. On May 13, 1948, before any construction was begun, certain individuals who owned property adjacent to or near the lots in question, filed suit in this court in case No. 174891, to enjoin the construction of said trailer park on the grounds that such construction would violate certain restrictions placed on the plat by the original sellers. At the same time the plaintiffs in the latter case moved that they be made parties-defendant in the proceedings to vacate, that is to say, case No. 174,523. They were made parties and their answers were filed immediately. The Court then set aside the order of the vacation which had previously been made in case No. 174,523. The injunction action, case No. 174,891, was finally terminated by the Supreme Court of Ohio on May 11, 1949, the plaintiffs being unsuccessful in their effort to enjoin the construction of the trailer park. The proceedings to vacate, that is to say, case No. 174,523, was tried in this court on August 3, 1950, and on August 14, 1950, the Court ordered that that portion of the plat, and of Strathmore Road above referred to, be vacated. By that time quite a number

of members of the appellant-corporation, all of whom were students at Ohio State University, had been recalled into the armed services and the remaining members attempted to find ways and means of financing the construction of the trailer park. Such means were not found until July 22, 1952, at which time the appellant applied for a permit to construct the utility buildings needed for the trailer park. This application was denied by the building inspector and, as we have pointed out, that action was sustained by the Franklin County Rural Zoning Board of Appeals.

The evidence clearly discloses, and it is admitted, that no actual work of constructing the trailer camp has as yet been commenced. The testimony discloses that some preliminary plans for the trailer park had been prepared by members of the appellant corporation and some work was done toward financing the construction of the trailer park but that no work of actual construction was ever commenced.

A Zoning Resolution was adopted by the Board of County Commissioners of this county, effective November 12, 1948, and the land in question was by such resolution zoned for residence purposes. The question presented, therefore, is as to whether or not the appellant is entitled, under the facts disclosed by the evidence, to a building permit as a non-conforming use.

Sec. 3180-18 GC provides as follows:

"Non-conforming use of buildings and land not affected by zoning, when.

"The lawful use of any dwelling, building or structure and of any land or premises as existing and lawful at the time of enactment of a zoning resolution or amendment thereto, may be continued although such use does not conform with the provisions of such resolution or amendment, but if any such non-conforming use is voluntarily discontinued for two years or more, any future use of said land shall be in conformity with the provisions of this act. The board of county commissioners shall provide in any zoning resolution for the completion, restoration, reconstruction, extension or substitution of non-conforming uses upon such reasonable terms as may be set forth in the zoning resolution."

Section XXI of the Franklin County Zoning Resolution provides as follows:

"1. If, at the time of enactment of this Zoning Resolution, any lot, building or structure was being used in a character or manner or for a purpose which does not conform to the provisions of this Resolution and which is not prohibited by some other resolution, such character or manner of use or purpose may be continued, and no change of title or possession

or right to possession of any lot, building or structure shall be construed to prevent the continued non-conforming use of such lot, building or structure as hereinbefore provided.

"Any such non-conforming use which is not otherwise unlawful may be hereafter extended throughout any part of a building or structure which was manifestly arranged or designed for such use at the time of enactment of the above mentioned Resolution by not more than fifty (50) per cent.

"2. No building, structure, or land in or on which a non-conforming use ceases for a period of two (2) years, or is superseded by a permitted use subsequent to the enactment of this Resolution, shall again be devoted to any prohibited use."

By virtue of the provisions of §3180-18 GC, and Section XXI of the Franklin County Zoning Resolution, it seems quite clear that in order to authorize the continuance of a use of premises affected by a zoning resolution, that that use must have lawfully existed at the time of the effective date of the zoning resolution. A non-conforming use is defined in 58 Am. Jur. 1021 at Sec. 146, as follows:

"A 'nonconforming use,' within the meaning of zoning regulations, has been defined as the use of a building or land that does not agree with the regulations of the use district in which it is situated.

In the case of DeFelice, et al v. Zoning Board of Appeals, 130 Conn. 156, 32 Atl. 2nd, 635, the Supreme Court of Errors of Connecticut had the following to say at page 637 with respect to an existing use:

"In the ordinance quoted permitting the continuance of 'any nonconforming use existing,' as was pointed out by the court in considering a similar enactment in Pennsylvania, 'neither the extent, quantity, nor quality of the use is mentioned, but only that it must exist,' and 'neither the act, the ordinance, nor the law generally requires the court to speculate as to the number of acts or business transactions necessary to constitute an existing use,' but, 'as understood in the ordinance, "existing use" should mean the utilization of the premises so that they may be known in the neighborhood as being employed for a given purpose.' "

And further at p. 638 of the opinion the Court points out that

"Actual use as distinguished from merely contemplated use is requisite, however."

A very close parallel to the case at bar was presented to the Supreme Court of Michigan in City of Lansing, et al. v. Dawley, 247 Mich. 394, 225 Northwestern, 500. The factual situation presented to the court and the conclusion of the court is

succinctly stated in the following language found on pages 500 and 501 of the opinion:

"It thus appears that the first work done upon the new building was three months after the ordinance went into effect and after the defendant had been notified that his permit had been revoked. If he had constructed the building or partially constructed it; if the work he did after the enactment of the ordinance had been done before, there would be no question as to his vested property rights. But he did nothing of a substantial character. He went no farther than to order the plans and cause a survey to be made of the lot. This preliminary work was not sufficient to create a vested right to erect the building."

To the same effect are two cases referred to in 117 A. L. R. 1140, the first being the case of Osborn v. Darien, 119 Conn. 182; 175 A. 178, and the second is the case of M. C. Eachern v. Hyland Park, 124 Tex. 36; 73 S. W. (2nd) 487. From a review of these authorities it appears that the general rule of law in this country is that in order to secure a vested right for a non-conforming use, the use itself or at least some portion of it, must have been in actual existence upon the effective date of the zoning legislation. Contemplated use of the premises is not sufficient to establish a vested right. In view of the undisputed testimony that no construction work had been started prior to the effective date of the Franklin County Zoning Resolution, it therefore follows that at the most, the only use, if any, of the premises in question was a contemplated use. Had some construction work been commenced prior to the effective date of the zoning resolution, a different question would have been presented to the Board of Zoning Appeals and to this court. With the facts as we find them and under the law as hereinabove discussed, the Court can only conclude that on the effective date of the Franklin County Zoning Ordinance the use for which the appellant now seeks a permit was not in actual existence and therefore the appellant is not entitled to a permit for a non-conforming use.

The appellant has referred the Court to the case of State ex rel Morehouse, et al. v. Hunt, et al., 291 N. W. 745, deided by the Supreme Court of Wisconsin on May 7, 1940. The facts involved in this case are disclosed by the Court at p. 747 of the opinion in the following language:

"1. The evidentiary facts involved are not in dispute. Construction of the building was commenced in 1922 before the ordinance was enacted."

Since the work in that case had commenced prior to the

enactment of the zoning ordinance, we do not have a factual situation which is similar to that of the case at bar. Counsel for the appellant urges that the doctrine of estoppel should be applied by the Court in this case and has referred to the case of **Treasurer v. Martin, 50 Oh St 197.** The holding of the Supreme Court in that case was that a party-defendant was estopped from pleading the statute of limitations as a bar to a law suit when the facts disclosed that that party-defendant had caused the time for the statute to run by wrongfully obtaining an injunction which subsequently was dissolved It is quite clear that the holding of the Court in that case was that the party, himself, who caused the delay is estopped to set up the statute of limitations. Therefore that case has no application to the situation presented in the case at bar because of the facts. In the appeal now before this Court, the parties who sought to enjoin the construction of the trailer camp in case No. 174523 are not parties in this appeal. This action is purely an appeal from a decision of the Franklin County Building Inspector in refusing to grant a non-conforming use permit and the dispute both before the Franklin County Zoning Board of Appeals and in this court is between the appellant and the building inspector. The doctrine of estoppel can in no way be set up as against the latter official.

The remaining question discussed in the briefs submitted to this Court is as to whether or not the appellant voluntarily discontinued for two years or more its alleged non-conforming use. In view of the determination by this Court that a non-conforming use did not exist upon the effective date of the Franklin County Zoning Resolution, a discussion of this latter question becomes unnecessary. Obviously, if a non-conforming use never existed, there is none that can be voluntarily discontinued for any period of time.

For the reasons above discussed, it is the opinion of the Court that the decision of the Franklin County Rural Zoning Board of Appeals in sustaining the decision of the Franklin County Building Inspector in refusing to grant the appellant a use permit should be and therefore is hereby affirmed.