**WESTWOOD DEVELOPMENT COMPANY et al., Appellants,**

v.

**CITY OF ABILENE, Appellee.**

No. 3161.

Court of Civil Appeals of Texas.

Eastland.

Dec. 3, 1954.

Rehearing Denied Dec. 17, 1954.

Edmund C. Yates, Scarborough, Yates, Scarborough & Black, Abilene, for appellants.

N. Alex Bickley, Smith, Bickley & Pope, Abilene, for appellee.

COLLINGS, Justice.

This is an appeal from a judgment granting the City of Abilene a permanent injunction, enjoining Westwood Development Company of Abilene, Inc., and its president, Arthel Henson, from building on the Development Company's property a filling station or other commercial building.

The City had, on September 10, 1954, passed on first reading an ordinance purporting to annex the property in question to the City and zoning it as a residential area. About six days later, the president of the Development Company filed with the City an application for a permit to construct on such property a service station. Such a structure is allowed in territory classified as Zone "F" under the City's zoning ordinances but is not permitted in territory classified as a residential area. The permit was denied, but within about four days the Development Company began construction of a service station on its property. Thereafter, on September 23, 1954, the City of Abilene filed a suit seeking a temporary restraining order and, after hearing, a permanent injunction, prohibiting the De-

velopment Company from building any such commercial structure on its property. The temporary restraining order was granted on September 23rd and on October 2nd, the date set for the hearing thereof, the cause was heard and on October 6th, final judgment rendered in favor of the City permanently enjoining erection of the service station or other commercial building on the property. Westwood Development Company and Arthel Henson have appealed.

It is admitted by all parties hereto that pending this appeal, to wit: on October 15, 1954, there was a final passage of the annexation and zoning ordinance in question. The ordinance of the City regulating temporary zoning of newly annexed territory provides, among other things, that no permit for the construction of a building shall be issued by the building inspector in a territory newly annexed to the City of Abilene other than a permit for the construction of certain types of residential property, and that an application for any other use than that specified shall be made to the building inspector of the City and by him referred to the City Planning Commission for consideration and recommendation to the Board of Commissioners, which latter body finally passes upon such application. The ordinance further provides that: " * * * the owner, * * * or any other person, * * * constructing, supervising or directing the construction of any building * * * now in the process of construction and which is incomplete at the time the land upon which it is situated is annexed to the City of Abilene, before proceeding any further with the construction thereof shall apply to the building inspector * * * for a permit authorizing further work on said building * * * which said application shall be promptly referred to the City Planning Commission for consideration, and said Commission shall * * * file with the governing body its recommendation as to granting, modifying or rejecting said permit * * *."

■ Appellants contend that the City of Abilene had no power or control whatever over appellants' lawful use of their property situated outside the City Limits before the final effective date of annexation, and therefore urge that the court erred in enjoining appellants from erecting a building for the purpose of operating a lawful business not in the nature of a nuisance outside the City Limits. We cannot agree with this contention. Appellants began their construction after passage on first reading of the ordinance providing for annexation and zoning of appellants' property. Thereafter, pending final disposition of the proposed annexation and zoning ordinance, appellants held such property subject to the City's right to annex such property, and subject to the City's right to plan the zoning of such property when and if the annexation was accomplished. The passage on first reading of the ordinance purporting to annex to the City of Abilene the property belonging to appellants vested in the City jurisdiction under its police power to hold the area in status quo pending final determination of annexation and zoning. To hold otherwise would destroy the right of the City to plan the zoning of annexed areas, and would permit a property owner in such an area to "enter upon a course of construction which might progress so far as to defeat in whole or in part the ultimate execution of the plan." City of Dallas v. Meserole Bros., Tex.Civ. App., 155 S.W.2d 1019 (Ref.W.M.). In the case of McEachern v. Town of Highland Park, 124 Tex. 36, 73 S.W.2d 487, it was stated by Chief Justice Cureton that:

"There is no merit in plaintiff in error's insistence that because he applied for a permit and filed a suit upon its refusal before the zoning ordinance was enacted, the ordinance cannot be invoked against him."

■ As previously noted, it is admitted by all parties hereto that pending this appeal, to wit: October 15, 1954, there was final passage of the annexation and zoning ordinance in question. If the granting of a permanent injunction before final passage of the ordinance was premature, that matter has now become moot by reason of the

final passage of such ordinance. City of Dallas v. Meserole Bros., Tex.Civ.App., 164 S.W.2d 564 (Ref.W.M.).

The judgment of the trial court is affirmed.