**H. A. McCLAIN, Appellant,**

v.

**CITY OF ENNIS, Appellee.**

No. 3765.

Court of Civil Appeals of Texas.

Waco.

Sept. 22, 1960.

Hines. & Satterwhite, Ennis, for appellant.

Earle C. Driskell, Ennis, for appellee.

McDONALD, Chief Justice.

This is an appeal from a judgment denying plaintiff McClain a Writ of Mandamus requiring the City of Ennis to issue him a building permit.

Plaintiff McClain purchased a lot in the residential section of Ennis with the intention to build thereon a drive-in grocery store. The City of Ennis did not at this time have a Zoning Ordinance, but did have a Building Code making necessary the obtaining of a building permit before any building be erected.

Plaintiff applied for a building permit but was refused same and filed the instant suit for Mandamus to require the city to issue him the building permit. Thereafter, and subsequent in point of time to both the application for the building permit and the filing of the instant case the City of Ennis passed a Zoning Ordinance which prohibits the erection of a business structure on the lot purchased by plaintiff.

The Trial Court, after hearing without a jury, denied plaintiff the writ of mandamus requiring the City of Ennis to issue the building permit.

Plaintiff McClain appeals, contending that the Ordinance in effect at the time of making application for the building permit governs. Such is not the law in Texas.

A property owner and his property are subject to a Zoning Ordinance adopted subsequent to his application for a building permit, and subsequent to his suit after refusal of permit. Sec. 43, p. 206, 10 Tex.Jur. 10 Yr.Supp.; Connor v. City of University Park, Tex.Civ.App., 142 S.W.2d 706, Er. Ref.; City of University Park v. Rahl, Tex.Civ.App., 36 S.W.2d 1075, Er.Dis.; City of Dallas v. Meserole, Tex.Civ.App., 164 S.W.2d 564, Er.Ref.; McEachern v. Town of Highland Park, Tex.Civ.App., 34 S.W.2d 676, affirmed 124 Tex. 36, 73 S.W. 2d 487.

In the McEachern case supra (34 S.W.2d 676, 678) the Court of Civil Appeals said:

"This suit was filed * * * prior to the adoption by the town of Highland Park of the zoning ordinance in question.

"Appellant contends that his right to the building permit attached prior to the adoption of the ordinance, and the ordinance could not retroactively destroy his right to the permit and to use his land for the purpose indicated.

"This is without merit. All property is held subject to the lawful exercise of the police power."

And our Supreme Court in such case said: (73 S.W.2d 487)

"There is no merit in plaintiff in error's insistence that because he applied for a permit and filed a suit upon its refusal before the zoning ordinance was enacted, the ordinance cannot be invoked against him. The Court of Civil Appeals made a correct disposition of that question."

It follows that the judgment of the Trial Court is affirmed.