**John PEDROSO, Appellant,**

v.

**Rankin DE WALT et al., Appellees.**

No. 3786.

Court of Civil Appeals of Texas.

Waco.

Nov. 3, 1960.

LaValle & Shirley, Texas City, for appellant.

Neugent & Lilienstern, Texas City, for appellees.

McDONALD, Chief Justice.

This is a mandamus suit which was dismissed by the trial court after the trial court sustained a special exception to re-

lator's petition and relator refused to amend.

Mandamus suit was brought by relator against the Chief of Police and the City Commissioners of Texas City, Texas to compel the issuance of a permit to relator to operate a wrecker business in the City of Texas City, Texas. Relator filed his suit on 10 February, 1960, and alleged that he had complied with all provisions of the Ordinance which had been in effect since 2 March, 1955, which were generally that he apply for a permit to operate a wrecker business in the City of Texas City; accompany such application with a fee of $25; show that his wrecker met certain specifications; and show that he carried certain prescribed liability and property damage insurance; and that respondents had refused to issue him the applied for permit to engage in the wrecker business.

Relator's application for the wrecker permit stated, among other things:

"I hereby make application for a permit to engage in the wrecker business within the City of Texas City on a limited basis answering wrecker calls when applicable in the portion of Texas City going west of Logan Avenue. I desire to have my name appear on the 'wrecker rotation list' and when my application is approved I will answer only those calls, in accordance with the City Code, which occur west of Logan Avenue."

Thereafter, respondents filed a special exception to relator's petition as follows:

"Respondents specially except to relator's petition in its entirety and say that it is wholly insufficient because it is apparent from an inspection of relator's application for a permit, which is attached to the petition, that it was for the limited purpose of supplying wrecker service to that portion of the city lying West of Logan Avenue, whereas the ordinance of March 2, 1955, * * *, vests no authority in any city official to grant a permit supplying wrecker service to such area only. That under the provisions of said ordinance, the Chief of Police did have authority to issue such a permit for general service throughout the city, when its provisions had been complied with, but none whatever to carve out of the total city territory the portion thereof as chosen by relator, thereby denying city territory East of Logan Avenue the benefits of such service. Since relator's application was for a special and limited purpose not contemplated by the ordinance as a matter of law, the Chief of Police was unauthorized to issue a permit based thereon."

The trial court, after considering the foregoing special exception and arguments of counsel thereon, sustained same, and relator refusing to make any amendment to his pleadings, the trial court dismissed the mandamus suit.

Relator appeals, contending that the trial court erred in sustaining the special exception and dismissing his cause.

The Ordinance provided that any person desiring to operate a wrecker business in the City of Texas City make application for a permit showing certain prescribed things. Relator did not apply for a permit to operate a wrecker business generally in the City of Texas City, but instead applied for a permit to *"engage in the wrecker business within the City of Texas City on a limited basis answering wrecker calls when applicable in the portion of Texas City lying west of Logan Avenue."*

The applicable ordinance contains no provision requiring the respondents to issue the permit on a *"limited basis only"*, or with a limitation as to what portion of the city the licensee was to operate wrecker service in.

Our Supreme Court held in Wortham v. Walker, 133 Tex. 255, 128 S.W.2d 1138, 1151:

"The rule concerning the certainty of averments in petition for mandamus is * * *: 'Relator, to be entitled to the right, must at least have a clear legal right to the performance by respondent of the particular duty sought to be enforced, that is, there must be a clear legal right in relator and a corresponding duty on the part of the person to whom the writ is directed. No intendments are to be indulged. Relator must by averment and proof show an unqualified right to the writ. * * Absent any clear legal right of relator which it is the duty of respondent to grant, there is no substantial resting place upon which to base the application, for in its final analysis the question for determination is whether the right of the aggrieved party is so free from doubt and the duty of the officer so clear and free from any substantial question that an order should issue to compel performance. The office of mandamus is to execute, not adjudicate. It does not ascertain or adjust mutual claims or rights between the parties. If the right be doubtful, it must be first established in some other form of action. Mandamus will not lie to establish as well as enforce a claim of uncertain merit.' "

■ This court, in Heaton v. Bristol, Tex.Civ.App., 317 S.W.2d 86, 97, (Er.Ref.); certiorari denied 359 U.S. 230, 79 S.Ct. 802, 3 L.Ed.2d 765, holds:

" * * * Before a mandamus may be awarded against a public officer for the performance of an alleged duty, the duty must have already been imposed by plain, unambiguous and positive statute, and be imperatively required. [And mandamus] will never issue to enforce a doubtful right, nor where regular duty is not clear and certain."

■ We think the ordinance envisaged issuance of a permit to operate a wrecker service generally throughout the city limits, and not the issuance of a permit for the operation of a wrecker service in a limited portion of the city only. In any event, it is not *clear* to us that the respondents were under a duty by virtue of the ordinance, to issue a permit for a limited geographical area within the city limits.

■ Moreover, the record before us reflects that relator applied for the permit under the March 1955 Ordinance, and that this ordinance was repealed and superseded by a new ordinance passed on 10 February, 1960. Relator's rights are governed by the *new* ordinance even though same was passed subsequent to his application for a permit, and subsequent to his suit for mandamus after refusal of permit. See: McClain v. City of Ennis, Tex.Civ.App., 340 S.W.2d 66; Sec. 43, p. 206, 10 Tex.Jur., 10 Year Supp.; Connor v. City of University Park, Tex.Civ.App., 142 S.W.2d 706, Er.Ref.; City of University Park v. Rahl, Tex.Civ.App., 36 S.W.2d 1075, Er.Dis.; City of Dallas v. Meserole, Tex.Civ.App., 164 S.W.2d 564, Er.Ref.; McEachern v. Town of Highland Park, Tex.Civ.App., 34 S.W.2d 676; affirmed 124 Tex. 36, 73 S.W. 2d 487.

The judgment of the Trial Court is affirmed.