**TOWN OF RENNER, Texas, Appellant,**

v.

**Bruce WILEY, Appellee.**

**No. 17113.**

Court of Civil Appeals of Texas.

Dallas.

June 21, 1968.

John E. Gay, of Boyd, Veigel & Gay, McKinney, Shirley W. Peters, Denton, for appellant.

Durant F. Clements, of Clements, Kraus & Fiedler, Richardson, for appellee.

DIXON, Chief Justice.

Appellant Town of Renner, Texas, located partly in Collin County and partly in Denton County, on September 13, 1967 filed its sworn petition in this suit praying for temporary and permanent injunctions to restrain appellee Bruce Wiley from constructing a trailer court. Appellant alleges that appellee is constructing the trailer court on real property within the limits of the Town without having obtained a building permit as required by a Town ordinance.

Appellee filed a plea of privilege asking that the suit be transferred to Dallas County, the county of his residence. Subject to said plea he filed an unsworn answer to the merits. Appellant filed a controverting plea to appellee's plea of privilege. The plea of privilege was never acted on by the court.

In his answer to the merits appellee denies (1) that the concerned land has been annexed to the Town of Renner or (2) that the land is subject to any valid ordinance of the Town, and that (3) the land is situated two miles from Renner in a sparsely populated area and the Town does not

furnish the land any services; (4) the ordinance is invalid because it does not set out any standards or requirements in regard to building permits and leaves the issuance of such permits to the whims of the Town Commission; (5) it was useless for him to apply for a permit because the mayor had told him the Town would never issue the permit to him; and (6) since the ordinance is penal in nature, the Town has an adequate remedy at law.

Appellee in his briefs says that a temporary restraining order was issued on September 21, 1967. There is nothing in the transcript on file showing the issuance of a temporary restraining order. If such an order was issued it expired under its own terms after ten days unless extended for a like period of time. Rule 680, Texas Rules of Civil Procedure. There is nothing in the transcript or elsewhere in the record to show that the restraining order was extended or that a temporary injunction was ever granted in this case.

On December 8, 1967 the case came on for trial. On December 18, 1967 the trial court signed a judgment as follows:

"On the 8th day of December, 1967, came on for consideration the application of the Town of Renner, plaintiff, for a temporary *and permanent injunction,* upon its verified petition, after due notice to defendant, Bruce Wiley (being the same person as N. Bruce Wiley) and the plaintiff appeared by its attorney and officers and officials, and the defendant appeared in person and by his attorney. *This cause being called, all parties announced ready, and no jury having been demanded, the court proceeded to hear and consider the plaintiff's petition and application for a temporary and permanent injunction,* and it appearing to the court that all matters of fact are concluded by a complete stipulation of fact, which was dictated in open court to the reporter, which stipulation is filed in this cause and approved by the court; *and it further appearing to the court after*

*hearing the argument of counsel that plaintiff is not entitled to the injunction as prayed for;*

*"It is accordingly ORDERED, ADJUDGED and DECREED that the injunctive relief sought, be, and the same is in all things denied.*

"To which action of the court plaintiff then and there in open court objected and excepted and gave notice of appeal to the Court of Civil Appeals for the 5th Supreme Judicial District sitting at Dallas, Texas.

"This Judgment APPROVED, SIGNED and ENTERED this, the 18th day of December, 1967, at McKinney, Collin County, Texas." (Emphasis ours.)

There is no statement of facts in the record.

## OPINION

On June 4, 1968, only three days before the submission of this appeal, a document was filed in this court styled "Stipulations— Dated December 8, 1967". The document is signed only by the court reporter. It is not signed either by the attorneys or the judge of the court.

On June 5, 1968, the next day after the filing of the document, appellee filed a motion to strike the document on the ground that the "Stipulations" were not filed in accordance with applicable Rules of Civil Procedure.

In oral argument before us Mr. Shirley Peters, an attorney appearing as *Amicus Curiae,* took the position that this document is a supplemental transcript. We cannot agree with *Amicus Curiae.* The document is neither signed by the clerk of the court under his hand and seal, nor was it certified and transmitted to us by the clerk of the trial court as required by Rules 376 and 428, T.R.C.P.

Neither can we accept the document as a statement of facts for it was not filed within either 20 days as required by

Rule 385, T.R.C.P. (if the judgment appealed from be considered interlocutory), or within 60 days as required by Rule 386, T.R.C.P. (if it be considered a final judgment). These rules are mandatory and must be complied with in order for this court to accept the document as a statement of facts. Cunningham v. State, 353 S.W.2d 514 (Tex.Civ.App., Dallas 1962, writ ref'd n. r. e.); Smith v. Crouch, 323 S.W.2d 73 (Tex.Civ.App., El Paso 1959, writ dism'd); Huckman v. Campbell, 252 S.W.2d 604 (Tex.Civ.App., San Antonio 1952, mandamus overruled); Lane v. Fair Stores, Inc., 150 Tex. 566, 243 S.W.2d 683 (1951).

■ The judgment signed by the trial court on December 18, 1967 recites that a stipulation was "filed in this cause and approved by the court", but the document filed here on June 4, 1968 is not shown ever to have been filed in the trial court or signed by the judge.

Appellee's motion to strike the document styled "Stipulations—Dated December 8, 1967" is sustained.

Appellant and appellee disagree as to the nature of the judgment signed by the court on December 18, 1967 from which this appeal is taken. Appellant says the decree is only an order refusing a temporary injunction. *Amicus Curiae* also rests his five arguments solely on the theory that the decree is an order refusing a temporary injunction. Appellee says the decree is a final judgment on the merits.

Appellant's only point of error asserts that the trial court erred in refusing to grant appellant a *temporary injunction* because such ruling in effect holds that the Town of Renner does not have the power to pass an ordinance requiring a building permit.

■ We agree with appellee that the decree appealed from is a final judgment on the merits. The recitations in the judgment are to that effect and they are not ambiguous.

*Amicus Curiae* in oral argument asserted that the decree appealed from is only an interlocutory order for it does not dispose of the issue of venue raised by appellee's plea of privilege. There is no merit to *Amicus Curiae's* argument. Appellee in oral argument stated that he had voluntarily and intentionally waived his plea of privilege. In this court he reiterated his intention to waive his privilege. He further contends that as a matter of law his plea of privilege was waived when he consented to a trial on the merits without asking or having the trial court to rule on his plea of privilege. Again we agree with appellee.

■ The matter of venue is a personal privilege which appellee has a right to waive. Texas & Pacific Ry. Co. v. Wood et al., 145 Tex. 534, 199 S.W.2d 652 (1947). Waiver of a plea of privilege may be express or implied. It may also be shown when a defendant voluntarily submits to the court's jurisdiction to render a final judgment on the merits and such defendant makes no effort to preserve any rights under a pending plea of privilege. See Mooney Aircraft, Inc. v. Adams, 377 S.W.2d 123 (Tex.Civ.App., Dallas 1964, no writ), in which Justice Williams of this court discusses the subject and cites many cases. Since appellee by express statement and also by his conduct waived his plea of privilege, venue ceased to be an issue in the case and it was not necessary for the court to act on the plea in order to dispose of all the issues.

■ There was no restraining order or temporary injunction in effect when the court rendered final judgment denying in all things the injunctive relief sought by appellant. Therefore the question of refusing a temporary injunction—the only point presented by appellant in this appeal—has become moot.

No attack is made in this appeal on the final judgment rendered by the court denying a permanent injunction.

■ There are no findings of fact or conclusions of law on file. Therefore we

cannot know the grounds, legal or equitable, on which the court based its final judgment refusing to grant a permanent injunction. And in the absence of a statement of facts we must presume that there was evidence to support the trial court's judgment. Englander Co., Inc. et al. v. Kennedy, 424 S.W. 2d 305 (Tex.Civ.App., Dallas 1968, writ ref'd n. r. e.) ; Fitchett v. Bustamente, 329 S. W.2d 920 (Tex.Civ.App., El Paso 1959, writ ref'd n. r. e.) ; Jennings v. Fredericks, 190 S.W.2d 707 (Tex.Civ.App., Galveston 1945, writ ref'd).

We overrule appellant's point of error.

Under the particular circumstances reflected by the record before us we have no alternative but to affirm the judgment of the trial court.

It should be understood that we are not by our decision here holding that the Town of Renner lacks power to enact a valid ordinance requiring building permits to be obtained in connection with the construction of improvements on real property.

The judgment is affirmed.