**TOWN OF RENNER, Appellant,**

v.

**N. Bruce WILEY, Appellee.**

No. 17442.

Court of Civil Appeals of Texas, Dallas.

July 17, 1970.

Rehearing Denied Oct. 9, 1970.

Shirley W. Peters, Denton, for appellant.

Durant F. Clements, Clements, Kraus & Fiedler, Richardson, for appellee.

Tim Kirk, Robert L. Dillard, III, Saner, Jack, Sallinger & Nichols, Dallas, for amicus curiae.

DIXON, Chief Justice.

On February 19, 1969 appellee N. Bruce Wiley filed suit seeking injunctive relief against appellant Town of Renner, Texas and also against Texas Power & Light Company. In his amended petition appellee asks that Town of Renner be commanded to desist and refrain from interfering with the connection of electrical power utilities to appellee's land. As to Texas Power & Light Company appellee asks for a mandatory injunction directing the Company to furnish his land with electrical power utilities.*

---

* Originally John T. McCool, Marion Eitel and L. N. Hartline, Mayor, and members of Commission of Town of Renner, were made parties defendant. Appellee subsequently took a nonsuit as to them.

On October 10, 1969 the trial court rendered judgment granting both injunctions. Only Town of Renner has appealed.

This is the second time these litigants have brought their continuing controversy to us on appeal. For the previous appeal see Town of Renner v. Bruce Wiley, 429 S.W.2d 945 (Tex.Civ.App., Dallas, 1968, no writ).

The Town of Heath, Texas, with our permission, has filed a brief as Amicus Curiae. In its brief Amicus Curiae supports the position of appellant Town of Renner.

The evidence consists of stipulations, a number of exhibits and answers to interrogatories.

## STIPULATIONS

The parties stipulated that appellee Wiley is the owner of 3.17 acres of land on which he started construction of a trailer court in April 1967 and had occupied the land with two trailers at that time. On September 13, 1967 the trailer court was completed as to eleven spaces and in 1967 some time after December 18, 1967 Wiley completed the court as to twenty-eight spaces and made application to Texas Power & Light Company for additional utility connections. The application was acknowledged and accepted by Texas Power & Light Company, but the installation of the additional service was never completed. Wiley has made several attempts to obtain the additional power from Texas Power & Light Company.

On July 23, 1968 appellee Wiley presented an application to the Town of Renner for a building permit and certificate of occupancy and the Town Commission met on July 29, 1968 to consider the application. On that date the Commission passed a resolution deferring action on Wiley's application to allow the applicant to amend his application to conform to the Town's ordinances.

## EXHIBITS

Among the exhibits which were introducted into evidence without objection were ordinances of the Town of Renner dated November 18, 1966 (Comprehensive Zoning Ordinance and an ordinance providing for the issuance of building permits); March 18, 1968 (Comprehensive Zoning Ordinance and an ordinance pertaining to the subdivision of land); July 1, 1968 (prescribing regulations pertaining to the building of structures for human habitation); August 12, 1968 (in regard to fire limits and construction, alteration, removal, demolition, equipment, use and occupancy, location and maintenance of buildings); December 9, 1968 (electrical installation and maintenance); March 6, 1969 (installation, operation and maintenance of plumbing).

## ANSWERS TO INTERROGATORIES

In answering interrogatories appellant Town of Renner stated that there was no record of an application for a building permit prior to December 8, 1967 and no record of a building permit being issued prior to said date; Texas Power & Light Company has never made a request for any permit with regard to the application of Wiley; the position of Temporary Building Inspector was created on November 18, 1966; every application for a building permit has been referred to either the Temporary Building Inspector, or the Building Inspector, the number being twenty-six; appellant has no objection to Texas Power & Light Company furnishing additional power, poles and meters to appellee's land so long as the poles to be set do not unreasonably interfere with traffic—*however* before Texas Power & Light Company is authorized to connect its services to any building constructed, or altered, or any building moved into town, or from one location to another within the Town, a building permit and a certificate of occupancy must be procured, showing the compliance with all the ordinances and regulations of the Town; the procedure neces-

sary to obtain a building permit is to file an application with the Town Secretary; to obtain a certificate of occupancy, file a request with the Town Secretary for an inspection of the building for which a certificate of occupancy is desired.

In answer to interrogatories Boyd Williams, District Manager of Texas Power & Light Company, stated that the Company did not refuse the application of Wiley for additional service; the Company started the job of furnishing power to appellee but stopped because the Town had not issued a permit to Wiley; the Company gives service to each applicant within the corporate limits of the Town when furnished by the Town with a certificate of occupancy.

In answer to interrogatories Texas Power & Light Company stated that (1) by application dated January 11, 1968 Wiley requested the installation of additional poles and service lines; (2) the Company did not complete the furnishing of the additional service because (3) the Town of Renner informed the Company that Wiley had not secured a building permit and a certificate of occupancy; (4) the Town had contacted the Company and (5) furnished the Company with a copy of the ordinance of November 18, 1966 providing that no firm holding franchise from the Town should furnish light or power to any building erected structurally altered or moved within the Town unless the owner should obtain a building permit and a certificate of occupancy; and (6) the franchise that the Company holds from the Town provides that service furnished by the Company to the inhabitants of Renner shall be subject to the rules and regulations of the Town.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The trial court filed findings of fact and conclusions of law. Among the findings were the following:

"3. That plaintiff commenced construction of a trailer court on the 3.173 acres of land in April of 1967, and occupied the land with two trailers. That on September 13, 1967, the trailer court was complete as to eleven spaces, and that in 1967, some time after December 18, 1967, the trailer court was completed as to twenty-eight spaces.

4. That, in December of 1967, when the trailer court was complete, all drainage, plumbing and sewerage systems were also complete.

5. That there is no evidence in the record that the drainage, plumbing or sewerage systems as completed, were substandard or unsatisfactory.

6. In January of 1968, plaintiff made application to defendant, TEXAS POWER & LIGHT CO., for additional electrical service which application was acknowledged and accepted by TEXAS POWER & LIGHT CO.

7. That TEXAS POWER & LIGHT CO. was ready and willing to furnish the additional electrical power service requested by plaintiff.

8. That TEXAS POWER & LIGHT CO. did not furnish the additional electrical power service requested by plaintiff.

9. That defendant, TOWN OF RENNER, interfered with the installation and furnishing of electrical power service to the land of N. BRUCE WILEY by TEXAS POWER & LIGHT CO., and the interference by defendant, TOWN OF RENNER, was the sole cause that the additional electrical service was never furnished.

10. That the trailer court owned by N. BRUCE WILEY, located on the 3.173 acres of land was complete, ready for occupancy and would have been in operation prior to March 18, 1968, except for

the interference of defendant, TOWN OF RENNER.

11. That on December 18, 1967, there had never been an application for a building permit or a certificate of occupancy filed with the TOWN OF RENNER nor had the TOWN OF RENNER ever issued a building permit or certificate of occupancy.

12. That between Novmber of 1966 and December 18, 1967, there were a number of buildings constructed in the town of Renner, Texas.

13. That prior to July 9, 1968, there had never been an application for a certificate of occupancy to the TOWN OF RENNER."

\*    \*    \*    \*    \*    \*

"16. That, on numerous occasions, after December 18, 1967, the plaintiff, N. BRUCE WILEY, contacted the town officials of the Town of Renner and tried to comply with their requirements in order that he might obtain the additional electrical power service and proceed with his trailer park.

17. That on July 9, 1968, the date that the Town of Renner, Texas, through its Mayor, John T. McCool, advised plaintiff N. BRUCE WILEY that 'a certificate of occupancy was necessary before any utilities (sic) are authorized to make connections and service any structure within the Town of Renner, Texas', there had never been an application for a certificate of occupancy to the Town of Renner, Texas."

Among the conclusions of law are the following:

"1. The ordinance entitled 'An Ordinance Making provisions for a Comprehensive System of Zoning for the Town of Renner, Texas, and Declaring an Emergency', which was passed and approved by the Town of Renner on November 18, 1966, and which is recorded in Vol 1, page 209, of the Minutes of the Town Commission of the Town of Renner, Texas, is void in that it does not lay down a rule of action for the Town of Renner in granting or rejecting an application for building permits, and provides for an automatic rejection of the application.

2. The actions of the Town of Renner, Texas, in attempting to enforce the provisions of the ordinance of November 18, 1967, against N. BRUCE WILEY, to the exclusion of all the other citizens of the Town of Renner, Texas, was not a valid and reasonable exercise of its police powers.

3. The trailer court located on plaintiff's land was completed prior to the ordinances enacted by the Town of Renner on March 18, 1968, and subsequent ordinances, therefore, the March 18, 1968, ordinances and subsequent ordinances do not apply to plaintiff's trailer court as it existed on March 18, 1968.

4. Cause No. 28,223 in the 59th District Court of Collin County, Texas, styled Town of Renner vs. Bruce Wiley, is res judicata as to the matters in controversy therein between Town of Renner and Bruce Wiley; mainly, the applicability of the November 18, 1966, ordinance of the Town of Renner, Texas, to the trailer court of N. Bruce Wiley."

## OPINION

Appellant Town of Renner in its brief asserts generally that the court erred in holding in effect that all the ordinances in question are either void or unenforceable as to appellee Wiley. Specifically appellant contends that the trial court erred (1) in holding the ordinance of November 18, 1966 void; (2) in concluding that the action of appellant to enforce the ordinance of November 18, 1967 against appellee to the exclusion of all other citizens was not a valid and reasonable exercise of its police powers; (3) in concluding that the trailer court was completed prior to the

ordinances of March 18, 1968 and subsequent ordinances therefore said ordinances do not apply to appellee's trailer court as it existed on March 18, 1968; (4) in concluding that Cause No. 28,223 in the 59th District Court of Collin County is *res judicata* as to the matters here in controversy, mainly, the applicability of the ordinance of November 18, 1966 to appellee's trailer court; and (5) in granting all of the relief prayed for by appellee.

Town of Heath, Texas, Amicus Curiae, in support of appellant's position lists four points of error:

"THE TRIAL COURT ERRED IN HOLDING THAT THE NOVEMBER 18, 1966 ORDINANCES OF THE TOWN OF RENNER WERE VOID BECAUSE THERE IS NO EVIDENCE TO SUPPORT SUCH HOLDING."

"THE TRIAL COURT ERRED IN HOLDING THAT THE TOWN OF RENNER ATTEMPTED TO ENFORCE THE PROVISIONS OF THE NOVEMBER 18, 1967 (SIC) ORDINANCE TO THE EXCLUSION OF ALL THE OTHER CITIZENS AND IN HOLDING THAT ITS ACTIONS WERE NOT A VALID AND REASONABLE EXERCISE OF ITS POLICE POWERS BECAUSE THERE IS NO EVIDENCE TO SUPPORT SUCH A CONCLUSION."

"THE TRIAL COURT ERRED IN HOLDING THAT ANY ORDINANCES ENACTED ON MARCH 18, 1968, OR·SUBSEQUENT THERETO, HAD NO APPLICATION TO PLAINTIFF'S TRAILER COURT AS IT EXISTED ON MARCH 18, 1968."

"THE TRIAL COURT ERRED IN IMPLYING THAT THE PREVIOUS CASE WAS RES JUDICATA AS TO THE APPLICABILITY OF THE NOVEMBER 18, 1966 ORDINANCE, TO THE TRAILER COURT OF WILEY."

There are well established legal principles which must guide us in reaching our decision in this case. A zoning ordinance duly adopted pursuant to Articles 1011a–1011k, Vernon's Ann.Civ.St., is presumed to be valid. An extraordinary burden rests on one attacking the validity of an ordinance. The complainant must show that no conclusive or even controversial, or issuable, or debatable facts or conditions exist. Courts cannot interfere unless a challenged ordinance appears to represent a clear abuse of municipal discretion, or unless there is conclusive evidence that a zoning ordinance is arbitrary or unreasonable, generally or as to particular property. City of Fort Worth v. Johnson, 388 S.W.2d 400 (Tex.Sup.1964); City of San Antonio v. Pigeonhole Parking of Texas, Inc., 158 Tex. 318, 311 S.W.2d 218 (1958); City of Waxahachie v. Watkins, 154 Tex. 206, 275 S.W.2d 477 (1955). Regulation of the construction, maintenance and repair of buildings falls within the scope of the police power. Authority to exercise such regulation has been delegated to municipalities by the State. Art. 1011a, V.A.C.S.; City of Tyler v. Ingram, 139 Tex. 600, 164 S.W.2d 516 (1942); City of Dallas v. Smith, 130 Tex. 225, 107 S.W.2d 872 (1937). The rule applies to ordinances regulating the issuance of buildings permits. Absence of knowledge of a zoning ordinance does not constitute a defense to the enforcement of the ordinance. City of Fort Worth v. Johnson, 388 S.W.2d 400 (Tex.Sup.1964).

Appellee contends that the ordinance of November 18, 1966 is void because (1) it fails to lay down a rule of action for the Town to follow in granting or rejecting an application for building permits and (2) the ordinance provides that the Town Commission shall either grant or reject an application for a building permit within 15 days after the filing of the application and failure to so act shall automatically constitute a rejection of the application.

We do not agree with appellee. The ordinance plainly provides that application shall be made to the Town Secretary for a building permit to construct a new building, or make alterations or repairs to existing structures. The proviso for automatic rejection in 15 days unless the Town acts on an application within that time redounds to the benefit of applicants. It insures prompt action on applications and makes it impossible for the Town to frustrate or defeat an applicant by simply failing or refusing to act one way or the other on his application.

■ We agree with appellant and Amicus Curiae that there is no evidence that the Town attempted to enforce its ordinances against appellee Wiley to the exclusion of all other citizens; and there is no evidence or basis for holding that the Town's effort to enforce its ordinances was not a valid and reasonable exercise of the Town's police power in Wiley's case. The undisputed evidence shows that there were 26 applications for building permits before Wiley filed his application.

■ We do not agree with appellee that the previous lawsuit between these parties is *res judicata* of the issues presented in the instant case. In the previous suit the Town of Renner sought an injunction to restrain Wiley from violating its ordinance of November 18, 1966. The trial court denied the injunction.

On appeal we affirmed the trial court's judgment. Town of Renner v. Wiley, 429 S.W.2d 945 (Tex.Civ.App., Dallas 1968, no writ). But we did not pass on the questions raised here. We based our decision on these grounds: (1) the Town purported to appeal from a temporary injunction, though the judgment signed by the court as shown by its recitations was a final judgment; (2) the record contained no statement of facts; (3) though the Town claimed that the parties had entered into stipulations there were no stipulations shown in the record; and (4) there were no findings of fact or conclusions of law filed by the trial court.

In connection with our decision in the first appeal we stated:

"Under the particular circumstances reflected by the record before us we have no alternative but to affirm the judgment of the trial court.

"It should be understood that we are not by our decision here holding that the Town of Renner lacks power to enact a valid ordinance requiring building permits to be obtained in connection with the construction of improvements on real property."

Should we be mistaken in holding that the former lawsuit is not *res judicata* of the validity of the ordinance of November 18, 1966 we must nevertheless reverse this judgment on other grounds. The Town passed a number of ordinances subsequent to November 18, 1966. Appellee has not complied with the requirements of these ordinances in order to obtain a building permit, a certificate of occupancy, and electric light and power service.

■ We do not agree with the court's conclusion of law that these subsequent ordinances do not apply to appellee. All property is held subject to the lawful exercise of the police power. No vested rights can be acquired to avoid the valid exercise of a municipality's police power. And the rule is applicable though an application for a building permit may have been made and a suit filed prior to the passage of a valid ordinance. McEachern v. Town of Highland Park, 34 S.W.2d 676 (Tex.Civ.App., El Paso 1931, affirmed McEachern v. Town of Highland Park, 124 Tex. 36, 73 S.W.2d 487, 1934); Arkansas Fuel Oil Co. et al. v. Reprimo Oil Co., 91 S.W.2d 381 (Tex.Civ.App., Amarillo 1936, writ dism'd); Connor v. City of University Park, 142 S.W.2d 706 (Tex. Civ.App., Dallas 1940, writ ref'd); City of Dallas v. Meserole Bros., 164 S.W.2d 564 (Tex.Civ.App., Dallas 1942, writ ref'd w. m.); H. A. McClain v. City of Ennis, 340 S.W.2d 66 (Tex.Civ.App., Waco 1960, no writ). Even if it should be held that the judgment in the first lawsuit is *res*

*judicata* of the validity of the ordinance of November 18, 1966 we think appellee must comply with subsequent valid ordinances in order to obtain additional light and power services to his property.

We call attention that the Town has expressly stated (and it is a part of the record) that it has no objection to the furnishing of additional power poles and meters to appellee's land so long as the poles do not unreasonably interfere with traffic, but that a building permit and a certificate of occupancy must also be procured. The record also shows that the Town once postponed action on appellee's application in order to give him an opportunity to file an amended application complying with applicable ordinance.

Should appellee file a proper application and should the Town deny his application it will then be time to determine whether the Town has acted capriciously, arbitrarily, or fraudulently in such denial. But that situation is not presented here.

Appellant's points of error and the suggestions of Amicus Curiae are sustained.

The judgment of the trial court is reversed and judgment is here rendered denying the injunction sought by appellee.