OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



April 19, 1999

The Honorable Bill G. Carter
Chair, Committee on Urban Affairs
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0035

Re: Whether a home-rule municipality may adopt an ordinance requiring residential construction contractors to use the franchisee selected by the city for weekly residential and commercial garbage removal (RQ-1215)

Dear Representative Carter:

Your predecessor as Chair of the House Committee on Urban Affairs, Representative Fred Hill, asked this office whether a home-rule municipality may adopt an ordinance requiring residential construction contractors to have construction debris hauled by the franchisee selected by the city for weekly residential and commercial garbage removal. In answering this question, we have assumed that the municipal ordinance applies only to contracts between residential construction contractors and private solid-waste-hauling firms that are executed after the adoption of the ordinance. *See* Tex. Att'y Gen. LO-97-037, at 3. Because a municipality has comprehensive powers to regulate garbage collection, we conclude that it may adopt the ordinance Representative Hill described.

Representative Hill's question arose from a situation in the City of Lewisville. According to his letter to this office, the City of Lewisville, a home-rule city, see THE DALLAS MORNING NEWS, 1998-1999 TEXAS ALMANAC 436, 440 (Mary G. Ramos ed., 1997), recently adopted a waste-hauling franchise agreement ordinance granting an exclusive franchise to Texas Waste Management, Inc. ("TWM"). The agreement includes, he stated, "an exclusive rights provision that requires construction contractors to use TWM roll-off trash collection bins."[1] Letter from Honorable

---

[1]In a letter to this office, the City of Lewisville suggests a different characterization of its franchise ordinance. *See* Letter from Mr. Ronald J. Neiman, City Attorney, City of Lewisville, to Ms. Sarah J. Shirley, Office of the Attorney General (Dec. 15, 1998) (on file with Opinion Committee). The city states that its ordinance:

> allow[s] pickup trucks, pickup truck and trailer, dump trucks, dump truck and trailer, semitractor and trailer, or any combination thereof to collect, haul, and dispose of construction solid waste from a dwelling unit construction site as long as there is not a container such as a roll-off container on the property.

(continued...)

Fred Hill, Texas House of Representatives, to Honorable Dan Morales, Attorney General, at 1 (Oct. 14, 1998) (on file with Opinion Committee). Representative Hill described roll-off trash bins as "the commonly seen trash receptacles used by commercial businesses, restaurants, and multifamily communities." *Id.* He suggested that this exclusive-rights provision constrains the construction contractors and increases their costs:

> Although not all construction projects need a roll-off trash bin, for those times when a bin is needed for the project, residential construction contractors want a choice. Residential construction contractors feel that construction site debris collection, hauling and disposal is a solid waste activity where competition makes sense and benefits small business operations.

*Id.* On the other hand, the City of Lewisville apparently contends that this type of exclusive-rights provision is "a common element of municipal solid waste franchise agreements." *Id.* at 2.

We conclude that an exclusive-rights agreement such as your predecessor described is within the city's authority. "The legislature and the courts have long recognized the importance of garbage disposal to the enhancement of health and safety. The enforcement of a comprehensive garbage collection plan [by a municipality] is clearly within the police power granted to all municipalities." *Grothues v. City of Helotes*, 928 S.W.2d 725, 729 & n.6 (Tex. App.–San Antonio 1996, no writ) (and cases cited therein); Tex. Att'y Gen. LO-97-037, at 1-2 (quoting *Grothues*). Indeed, Health and Safety Code section 364.034 explicitly permits a municipality, among other public entities, to require persons within its jurisdiction to use a particular solid-waste-disposal service. *See* TEX. HEALTH & SAFETY CODE ANN. § 364.034 (Vernon 1992); *see also id* §§ 361.003(34), (35); 364.003(3), (5) (Vernon 1992 & Supp. 1999) (defining "public agency" and "solid waste"). The term "person" includes corporations, partnerships, and other legal entities. *Cf. id.* § 361.003(23) (Vernon Supp. 1999) (defining "person"). In addition, a municipality has extensive power to regulate, by proper ordinance, building construction that occurs within its limits. *Scanlan v. Home Ins. Co.*, 79 S.W.2d 186, 188 (Tex. Civ. App.–Beaumont 1935, writ ref'd); *accord City of Tyler v. Ingram*, 164 S.W.2d 516, 519 (Tex. 1942) (quoting 3 EUGENE MCQUILLIN, THE LAW OF MUNICIPAL CORPORATIONS § 1016, at 282 (2d ed.)); *Town of Renner v. Wiley*, 458 S.W.2d 516, 521 (Tex. Civ. App.–Dallas 1970, no writ); *Newton v. Town of Highland Park*, 282 S.W.2d 266, 278 (Tex. Civ. App.–Dallas 1955, writ ref'd n.r.e.); *see Kirschke v. City of Houston*, 330 S.W.2d 629, 633 (Tex. Civ. App.–Houston 1959, writ ref'd n.r.e.), (quoting 9 EUGENE MCQUILLIN, THE LAW OF MUNICIPAL CORPORATIONS § 26.200, at 479) (stating that municipality has power to issue building permits); *cf.*

---

[1](...continued)
*Id.* at 2. "Thus," the city continues, a residential construction contractor may "haul away the debris" him- or herself or "contract with a third party, but roll-off containers . . . cannot be kept on the property and used for disposal by someone other than Texas Waste Management, the franchisee." *Id.* In the city's view, consequently, the question should be whether it may "grant an exclusive franchise for solid waste collection and require that all roll-off containers and roll-off collection work be provided by the franchisee." *Id.* Our conclusion in this opinion responds to the question as Representative Hill framed it, but we believe it also responds to the less extreme situation and question the city presents.

*Ex parte Cramer*, 136 S.W. 61, 62 (Tex. Crim. App. 1911) (stating that municipality has power to regulate installation of electrical apparatus). *See generally* TEX. LOC. GOV'T CODE ANN. §§ 211.001 - 230.018 (Vernon 1988 & Supp. 1999) (concerning municipal authority to regulate land use, structures, businesses, and related activities).

> Where public interest is involved, individuals' rights often yield to overriding public interests and are often regulated under the police power of the state. Thus, a government entity often regulates the contractual relations between parties and restricts the right to contract where it is reasonably necessary to protect the general public. The enforcement of such restrictions is a necessary function of municipal governments to promote the common welfare of the greater metropolitan area.

*Grothues*, 928 S.W.2d at 731 (citations omitted); *accord Browning-Ferris, Inc. v. City of Leon Valley*, 590 S.W.2d 729, 731-33 (Tex. Civ. App.–San Antonio 1979, writ ref'd n.r.e.); *cf.* Tex. Att'y Gen. Op. No. DM-401 (1996) at 2 (concluding that independent school district must comply with municipal ordinance authorizing single vendor to collect garbage within municipal limits). In addition, this office previously has determined that a private solid-waste-hauling company probably has no vested right to collect waste in a particular area. *See* Tex. Att'y Gen. LO-97-037, at 2; *see also City of San Antonio v. Bee-Jay Enters., Inc.*, 626 S.W.2d 802, 804 (Tex. App.–San Antonio 1981, no writ). We know of no statute that precludes a home-rule city from adopting the solid-waste-disposal ordinance Representative Hill described.

We limit our opinion to the state law issues your predecessor raised. We do not address the purely local question of whether the city's charter permits the city to adopt the ordinance. *See also* Tex. Att'y Gen. Op. No. JM-846 (1988) at 1; Tex. Att'y Gen. LO-93-042, at 1. Although we do not have a copy of the city's charter, we have received a brief suggesting that the city's ordinance violates article 10, section 10.05 of the city's Home Rule Charter, which apparently provides: "[N]o grant, contract, or franchise, to construct, maintain or operate a public utility for or in Lewisville, Texas, and no renewal or extension of such grant, contract or franchise, shall be exclusive." *See* Letter from Mr. Jeffrey A. Morrison, Bush & Morrison, P.C., on behalf of the Home Builders Association of Greater Dallas, to Ms. Liz Robinson, Chair, Opinion Committee, Office of the Attorney General (Jan. 7, 1999) (on file with Opinion Committee). Not having the charter before us, and in deference to municipal officials' authority to construe their municipality's ordinances and charters, we decline to comment on whether the ordinance is consistent with the city charter. *See* Tex. Att'y Gen. LO-94-008, at 2 n.1 (declining to issue opinion in deference to city attorney, who bears primary responsibility for construing city charter).

Representative Hill alleged no other legal or procedural improprieties with respect to the City of Lewisville's solid-waste-disposal ordinance, and we therefore presume it is valid. *See City of Brookside Village v. Comeau*, 633 S.W.2d 790, 792 (Tex. 1982) (stating that municipal ordinance is presumed valid); *John v. State*, 577 S.W. 2d 483, 485 (Tex. Crim. App. [Panel Op.] 1979) (stating that municipal exercise of legislative power is presumed to be valid); *Grothues*, 928 S.W.2d at 730.

# S U M M A R Y

A home-rule municipality may adopt an ordinance requiring residential construction contractors to use the franchisee selected by the city for weekly residential and commercial garbage removal to collect and haul customary debris from a construction site.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General